JULIA HANNON, ADMINISTRATRIX, RESPONDENT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Argued June 28, 1922—Decided November 20, 1922.

1. Plaintiff's intestate was the servant of the defendant, and his business was to check a cargo of freight being unloaded from a barge moored alongside of a wharf of defendant. In doing this he sat on the top of a rail running around the barge and about two feet above its deck; the defendant was moving another barge very near the first, so that if not properly managed its stern would over-lap the rail on which the deceased was sitting, but near enough to it to crush the deceased against the stanchion next to which he was sitting; the deceased was seen sitting on this rail near the stanchion while the stern of the other barge was moving towards him, and he was next found lying dead on the deck near the stanchion. No other cause for the accident was apparent. *Held*, that it was for the jury to say whether the death of the decedent was due to the negligence of the defendant, and that a direction for want of a proof of any negligence on the part of the defendant was properly refused.

2. Defendant requested the trial court to charge that if the jury should find for the plaintiff they must not assess damage according to its view of the present purchasing power of the dollar. *Held*, that this was properly refused, because in the awarding compensation for any injury, expressed in the currency of the country, the compensation is properly governed by the purchasing power of the standard used to express the compensation in satisfaction of the injury suffered.

On appeal from the Supreme Court.

For the respondent, *Harrison & Roche*.

For the appellant, *Frederic B. Scott*.

The opinion of the court was delivered by

BERGEN, J. The plaintiff as administratrix of Martin T. Hannon, deceased, recovered a judment against the defendant, based on the death of Hannon through the alleged negligence of the defendant, and the latter appeals. The plaintiff's case showed that the deceased was employed by the defendant to check a cargo of freight being unloaded from a barge of the defendant; that it, consisting of iron plates, was being moved from the barge to a car by a crane, and while a draft was being moved he sat down on the rail of the barge next to a short upright or bit; that within a few seconds after this he was found dead on the deck; that another barge of defendant, with an overhanging stern sufficient to overlap the rail, was being towed into a slip near by, and the claim is that this overhanging stern crushed deceased against the bit and killed him. No one saw the actual collision, but the stern of the barge was seen very near and moving toward the place where deceased was sitting, and in a position where it might overlap the barge and inflict the injury, if it was not skillfully managed. No other cause for the accident was apparent.

The first point made by the appellant is that there should have been a direction for defendant on the ground that there was no proof that the barge struck decedent, and therefore

there was no evidence of negligence on the part of defendant. We think that there was sufficient proof to justify the inference that the decedent was struck by the stern of the barge and that such a collision would not have happened if it had been properly managed, and therefore a jury question was presented, and the refusal to direct was not error. It was stipulated that deceased and defendant company were, on the day of the accident, engaged in interstate commerce, and that deceased died June 29th, 1920, as a result of something which happened or occurred to him while he was on the defendant's barge at the place where he was injured. The evidence shows that the barge was moored to one óf the defendant's wharves while the freight was being unloaded; that the deceased, while in the performance of his duty, sat on the rail of the barge, checking the cargo as it was being removed from it; that he sat next to a stanchion or bit, near which he was found dead not less than a minute after last seen alive; that defendant's servants were towing another barge very near to that on which deceased was engaged in his work; that the stern of the moving barge being towed was higher than the rail on which deceased was sitting, with an ʻoverhanging stern sufficiently above the rail to pass over it, but not above the bit; and that in managing the tow the stern of the barge was allowed to swing towards the rail on which deceased was sitting. In the absence of proof of any other cause for the accident we think the jury might infer that the stern of the barge being towed overlapped the rail on which deceased was sitting and that he was crushed by it against the bit. In a case like this plaintiff must prove more that a possibility of defendant's responsibility. "But when it is said that the circumstances must exclude the inference that the damage was due to a cause for which defendant is not responsible, it is not meant to change the rule that ordinarily governs in civil cases and to force the plaintiff to exclude such inference beyond doubt." *Austin* v. *Penn. R. R. Co.*, 83 *N. J. L.* 416. It is admitted that the deceased was killed by an accident while on the barge of defendant,

and no possible reason is shown for it other than a collision with the other barge moving toward the one on which deceased was sitting. Whether the overlapping of the stern of the moving barge was the cause of the death of the decedent is a matter to be inferred from the evidence, so it was a jury question.

Appellant's next point is that the trial court erroneously instructed the jury, on the question of assumption of risk, "that the negligence of the master or employer is not one of these risks," citing *Boldt* v. *Penn. R. R. Co.*, 245 *U. S.* 441. But all that is determined by that case is that the employe assumes risks due to the negligence of the master only when obvious and fully known to, and appreciated by, the servant. There is no such situation in this case, for it cannot be properly claimed that the deceased knew that when he sat down on the rail that the master would negligently run him down with another barge, and therefore that was not one of the ordinary risks of the employment.

Appellant's next point is that the court refused to charge a request, that there was no proof that the failure of the captain of the tugboat to blow an alarm whistle was the proximate cause of the injury and death of Hannon, and under such circumstances the trial court could not predicate liability upon the defendant because of the failure of the captain of the tug to blow an alarm. There was evidence in the case that it was the custom under such conditions to give a notice, although there were no written rules concerning it.

The request was directed to the determination of a question of fact, that is, an instruction that there was no proof that the want of a signal was the proximate cause. This requested the finding of a fact, for a signal, if given, might have warned the deceased and prevented the accident, and the refusal to so charge was not error.

Appellant's next point is that the trial court refused defendant's request to charge that if the jury should find for the plaintiff they must not assess the damage according to its

view of the present purchasing power of the dollar. In support of this request appellant submits a lengthy argument on the coinage laws of the federal government, which has not the slightest application to the question involved. Damage which a party sustains and seeks to recover, if found and assessed, is expressed in the currency of the country. It is the standard by which damage is measured, and the amount is properly governed by its relative purchasing power in satisfaction of the injury suffered. The purchasing power of the German mark would have to be considered in expressing compensation in that coin. The trial court was not bound to charge the request as formulated, for the jury was authorized to award compensation, and in doing so to consider the purchasing power of the standard which was used to express it.

Appellant's last point argued was that it was not lawful for the court to reopen the case, as it did, after it was closed and allow another witness to be called and testify.

That was within the discretion of the court and not reviewable on error. In addition to this the testimony the witness gave was of no consequence and the defendant withdrew his objections and took no exception.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.