17 N.J. Super. 119 (1951)
85 A.2d 527
MARTIN HEALY, GUARDIAN AD LITEM OF NORA HEALY, AN INFANT, AND MARTIN HEALY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
MILTON BILLIAS AND ANNA K. BILLIAS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1951.
Decided December 20, 1951.
*120 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Nathan A. Reuben argued the cause for appellants.
Mr. Philip M. Lustbader argued the cause for respondents (Messrs. Schneider & Schneider, attorneys).
The opinion of the court was delivered by MCGEEHAN, S.J.A.D.
The question is whether the action of the trial judge in sustaining objections to three questions asked a rebuttal witness of the plaintiff constituted such a mistaken exercise of discretion as to require a reversal. *121 In a motion for a new trial, which the trial judge denied, the same question was raised.
The complaint alleged that the infant plaintiff, Nora Healy, was struck by an automobile owned by the defendant Milton Billias and negligently driven by the defendant Anna K. Billias. After several witnesses had testified on the question of liability, the plaintiffs' attorney stated that he rested, except for medical testimony to be given by a doctor who was not present at the time. In answer to an inquiry, he assured the court that he had no further testimony to offer on the question of liability, and thereupon the court announced that further testimony for the plaintiff would be confined to medical testimony. The defendants put in their case and rested. The plaintiffs' attorney then sought permission to put a witness on the stand to testify in rebuttal on the question of liability, and it was granted. After this rebuttal witness had testified, plaintiffs again rested. At this point the trial day came to an end; summation and charge were left for the following morning. The defendants' attorney requested and obtained leave of the court to release the defendants and defendants' witnesses on the ground that the case was closed. On the following morning, the plaintiffs' attorney moved to reopen the case "for the purpose of putting on the stand two witnesses, one, the police officer who took the statement, and the other, the photographer who took pictures." Defendants' attorney consented to the introduction in evidence of any statement made and of any pictures that were taken, but objected to any testimony regarding the statements or the pictures on the ground that the case was closed and that Milton Billias had left to take a 10:30 A.M. plane to go back to his work in Florida. The court permitted the photographer to take the stand to identify the photographs, and the photographs were received in evidence. The police officer was permitted to take the stand to identify the statement, and the statement was received in evidence. The plaintiff then asked the police officer the three questions which are involved in this appeal:
*122 "Q. Will you tell the Court and jury what the spots on the side of the photograph, Exhibit P-3, look like  what they looked like at the time you saw it?
Q. What was your conversation with Miss Billias regarding repairs to the automobile?
Q. What was your conversation with Miss Billias as to what damages her car sustained in this accident?"
The trial court sustained the objection made to each of these questions.
The order of proof and the reopening of a case on rebuttal rest within the sound judicial discretion of the trial court. Carlo v. The Okonite-Callender Cable Co., 3 N.J. 253 (1949); Hannon v. D., L. & W.R.R. Co., 98 N.J.L. 191 (E. & A. 1922). We will not interfere with determinations within the field of judicial discretion merely because we believe we would have decided differently. Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951). We interfere only when we are satisfied that in the particular circumstances of the case the discretion as exercised results in a manifest denial of justice. Carlo v. The Okonite-Callender Cable Co., above; Pirozzi v. Acme Holding Company of Paterson, 5 N.J. 178 (1950); In the Matter of the Accounting of the Executors of Israel Koretzky, 8 N.J. 506 (1951); Pepe v. Urban, 11 N.J. Super. 385 (App. Div.), certif. denied 7 N.J. 80 (1951); Smith v. Smith, above.
In this case no circumstances have been brought to our attention which would give even the slightest support to a finding that a manifest denial of justice resulted.
Affirmed.