## JOHN WILEY v. WEST JERSEY RAILROAD COMPANY.

1. Evidence that the principal instructed the agent to be careful is not relevant to the inquiry whether the agent was in fact negligent.

2. Evidence of ineffectual efforts to sell one piece of standing timber is not relevant to an inquiry as to the value of another.

3. Evidence showing that a fire might have been caused by a spark from a locomotive and tending to disprove the presence of any other cause, will warrant a conclusion that a spark did escape.

4. Proof that a fire originated in a spark from an engine is *prima facie* evidence of negligence in those controlling the engine, by force of the statute of this state.

5. A railroad company is bound to employ the most approved safeguards against the escape of fire from locomotives.

6. In the rule which limits a recovery for a tort to those damages which are its natural and proximate effects, the natural effects are those which might reasonably be foreseen, those which occur in an ordinary state of things, and the proximate effects are those between which and the tort there intervenes no culpable and efficient agency. A mere failure by third parties to extinguish a fire started through the negligence of the defendant, is not such an agency.

On rule to show cause.

Argued at February Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON REED, and MAGIE.

For the rule, *P. L. Voorhees.*

*Contra, Mr. Richards,* of New York.

The opinion of the court was delivered by

DIXON, J.    This suit was brought to recover damages for the destruction of growing wood by fire alleged to have been communicated from an engine of the defendant.    The plaintiff having obtained a verdict for $1260, the defendant seeks a new trial.

The first reason relied on is the exclusion at the trial of testimony offered by the defendant, first, to show that the defendant had issued instructions to its agents operating its engines to use care in keeping the spark-arresters in good order, and secondly, to show that one of the defendant's witnesses, who had tried to sell some standing wood, had been unable to get seventy-five cents a cord for it.    This exclusion does not justify a new trial.    As to the first offer, the plaintiff relied on the insufficiency of the spark-arresters and the carelessness of those employés whose duty it was to keep them in order, and not at all upon any lack of proper directions from the company to these agents, and on these points only was this branch of the case submitted to the jury.    Nor were any punitive damages claimed.    Hence the proposed evidence could have had no

effect upon the verdict. The second offer related to a matter too remote from the subject of inquiry, which was the value of the plaintiff's wood destroyed, and not the bids obtainable by the witness for some other standing timber.

The next reason urged is that the plaintiff failed to show that the fire originated in any engine of the defendant. As to this, the plaintiff's evidence was to the effect that on May 3d, 1880, at half-past seven o'clock A. M., a train of the defendant passed Mount Pleasant station, going northwesterly, at about forty miles an hour; that five minutes afterwards another train of the defendant stopped at that station and then proceeded northwesterly; that the wind was then blowing moderately from the west, and that the ground was covered with dry leaves, and the herbage was dry; that in a few minutes after the last train left, fire was discovered about one hundred and fifty feet east of the track and eight hundred feet northwest of the station; that the defendant's station agent and others spent an hour in putting it out, and thought they had succeeded; that about ten o'clock the wind freshened and continued to grow stronger until noon; that at eleven o'clock another train came from the northwest to the station, and within a few minutes thereafter flame was again seen at the easterly margin of the former fire, some three hundred and fifty feet east of the track, on the border of a wood. This fire, in spite of efforts to extinguish it, burned through continuous woods over some three hundred acres of the plaintiff's woodland, which lay about a mile from the station. So far as shown, there was no way of accounting for the fires except on the supposition that sparks had escaped from one or more of the locomotives, which burned soft coal. These facts warranted the inference that the fire was communicated by one of the engines. Such was a possible cause of the effect produced; the evidence tended to disprove the presence of any other cause, and therefore it was of course reasonable to believe that this was the real cause.

The plaintiff, having reached this stage in his proof, invoked the sixteenth section of the statute respecting railroads

and canals, (*Rev., p.* 911,) which is as follows: " In every action now or hereafter brought for the recovery of damages for an injury done to the property of any person or corporation, by fire communicated by a locomotive engine of any person or railroad corporation, in violation of the preceding sections of this act, proof that the injury was so done shall be *prima facie* evidence of such violation, subject, nevertheless, to be rebutted by evidence of the taking and using all practicable means to prevent such communication of fire as by said section required." By force of this act, the plaintiff claimed that the burden of proof was cast upon the defendant. The latter, on the other hand, denied that the law became applicable until the plaintiff should further show that the fire was communicated by the engine *in violation of the preceding sections of the act, i. e.,* for want of the use of screens or some other practicable appliances. This section of the statute is no doubt somewhat inaptly framed. Its language is capable of the construction for which the defendant contends, but such a construction renders it utterly futile. So interpreted, it would provide that when the plaintiff had shown that fire was communicated by a locomotive through lack of the use of all practicable means to prevent such a result, that should be *prima facie* evidence that all practicable means had not been used, subject to be rebutted by evidence that all practicable means had been used. The legislature could scarcely have intended such an enactment. The design must have been to declare that when fire was communicated to property by any locomotive engine, that fact should be *prima facie* evidence that all practicable means had not been employed, by those operating it, against such a disaster, and so place upon them the burden of proving the exercise of due care. In view of the excellent apparatus invented to hinder the escape of sparks, the inability of the public to know whether such apparatus has been applied in each instance, and the ease with which the managers of the engine can show the truth, such a rule is reasonable, and has been adopted in many states. In some cases it has been held that, on general principles, the escape of fire

Wiley v. West Jersey R. R. Co.

from an engine raises a presumption of negligence against its operators. *Ill. Cent. R. R. Co.* v. *Mills*, 42 *Ill.* 407; *Clemens* v. *Han. & St. Jo. R. R. Co.*, 53 *Mo.* 366; *Ellis* v. *P. & R. R. R. Co.*, 2 *Ired. L.* 138; *Spaulding* v. *Chic. & N. W. R. R. Co.*, 30 *Wis.* 110, and cases there cited. But without affirming this, we think such is the statutory rule..

The defendants next insist that they successfully rebutted this presumption of negligence, by showing that upon each of the engines passing the place where the fire began there was either a straight stack with a Smith's screen, or a Diamond top-stack in good order. An inspection of the models of these spark-arresters, which were produced on the trial, and the oral evidence, warrant the opinion that one of these contrivances was not the best preventive of the escape of fire in the use of soft coal. It was the duty of the company to employ the most approved safeguards, or, in the words of the statute, all practicable means to obviate the danger of conflagration. *F. & B. Turnpike Co.* v. *Phila. & Trenton R. R. Co.*, 45 *Penna. St.* 345. It was therefore permissible for the jury to find that the defendants had not fulfilled their obligation.

The next ground taken is that the burning of the plaintiff's woods was not the proximate effect of the defendant's negligence. On this point the defendant urges that the second fire must have been but a fresh outbreak of the first; that this having been called to the attention of the tenant of the land on which it started, it was his duty to extinguish it if possible, and his failure to do so was negligence; that this negligence, having intervened between the defendant's negligence and the plaintiff's injury, broke the causal connection between them, and so relieved the defendant. The defect in this contention lies in the suggestion that the mere failure of a third person to extinguish the fire could be regarded as severing the train of causation between the defendant's fault and the injury. The rule of law requires that the damages chargeable to a wrong-doer must be shown to be the natural and proximate effects of his delinquency. The term "natural" imports that they are such as might reasonably have been foreseen,

such as occur in an ordinary state of things; the term "proximate" indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss. *Cuff* v. *Newark & N. Y. R. R. Co.*, 6 *Vroom* 17; *D., L. & W. R. R. Co.* v. *Salmon*, 10 *Vroom* 299. Now, the spread of the fire was a natural result of its kindling, and the failure to extinguish it was not, in any just sense, an efficient cause of its spreading; it was merely the absence of prevention. Although that failure might be culpable, yet it neither added to the original force nor gave it new direction, and hence, in tracing back the line of causation, it would not be noticed as a potent agency. The nearest culpable cause was the escape of the spark from the engine. Hence on this point the defendant has not been injured.

The last claim is that the damages are excessive. The facts upon which these should be calculated are uncertain, but the evidence will justify the verdict. According to the plaintiff's witnesses, there was a loss of nine years' growth of timber, equivalent to four and a half cords of wood per acre, on three hundred and thirty-seven acres, worth $1.25 per cord. According to the defendant's, it would not exceed two and a quarter cords per acre, on two hundred and eighty-nine acres, at seventy-five cents a cord. The verdict is about a mean between these estimates.

Let the rule to show cause be discharged, with costs.