GEORGE MULLER, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

Argued June 27, 1923—Decided November 19, 1923.

The rule established in this state is that where one who is unlaw- fully traveling on a highway as in an automobile which has never been registered under the statute and without a driver's license, in violation of the statute, is injured by the negligence of another, he may recover for his injuries, unless his violation of the law contributes to the accident or is its proximate cause.

---

On appeal from the Supreme Court.

For the respondent, *Collins & Corbin.*

For the appellant, *Bourgeois & Coulomb.*

The following opinion was prepared by the late Mr. Jus- tice Bergen, in compliance with the assignment to him. It clearly expresses the view of the court upon the matter in- volved in the litigation, and is adopted by the court as its own opinion in the cause.

BERGEN, J. The plaintiff was injured while driving an auto truck on a public highway at a point where it crossed defendant's railroad tracks, and in attempting to cross the

tracks plaintiff was struck by one of defendant's trains and injured, for which he brought this action based on defendant's negligence, and recovered a judgment from which defendant appeals. The principal ground of the appeal is that the court erroneously refused to direct a verdict for defendant because the truck had never been registered under the motor vehicle statute, and also that the driver had not obtained a driver's license as required by the same act, and therefore the plaintiff was a trespasser on the highway, and the only duty of the defendant was to abstain from doing plaintiff a wanton injury.

The statute defining motor vehicles and providing for the registration of the same and the licensing of the drivers thereof (*Pamph. L.* 1921, *p.* 643), provides that no motor vehicle shall be driven on the highways of the state unless registered to do so. As plaintiff was driving an unregistered motor vehicle on a public highway, without having a driver's license, he was violating the statute above referred to, and subject to the penalties prescribed by it. But that does not justify the defendant in running him down by a negligent act, for the unlawful presence of the plaintiff on the highway was not the proximate cause of the accident. As was said by Mr. Justice Depue (later Chief Justice), speaking for this court in *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 52 *N. J. L.* 169: "In all collision cases on public highways, as at railroad crossings, the defense that plaintiff is debarred of his action on the ground of contributory negligence, for the reason that the wagon he was driving did not conform to the statutory gauge, has never occurred to counsel, who are usually astute in discovering grounds of defense under the doctrine of contributory negligence. In my experience it has never been thought worth while to inquire in such cases as to the track of the wagon injured or destroyed in such a collision, and a defense on that ground would obviously receive no consideration." In *Shaw* v. *Theilbahr,* 82 *Id.* 23, Mr. Justice Garrison, speaking for the Supreme Court, said: "The fact that the plaintiff was licensed at the time of the accident [the claim being that he had not proved

that fact] was not an essential part of his case or even relevant to the issue as framed, since the possession of such a license has no tendency to avert collisions as do brakes, signal trumpets and lighted lamps at night. The duty created by the police regulation to have a license and to display its number was not owing to the defendant or created for his benefit at least as far as the avoidance of accidents is concerned. Hence, the non-observance of such duty comes within the reasoning of the well-considered case of *Fielders* v. *North Jersey Street Railway Co., 68 N. J. L.* 343." * * * "He was under no obligation to meet it by his own proofs, and in as far as it rested upon a right to run down with impunity an unlicensed autosist, it was without foundation in law." In *Bourne* v. *Whitman, 95 N. E. Rep.* 404, which was an action to recover for injuries, plaintiff suffered in a collision between defendant's and plaintiff's automobiles, in which Chief Justice Knowlton, speaking for the Supreme Judicial Court of Massachusetts, regarding the want of a driver's license by plaintiff, said: "We think that the operation of a car without a license, while it is a punishable act, does not render the operator a trespasser on the highway, but that the illegal element in the act is only the failure to have a license while operating it, so that if the operation and movement contributed to the accident with which the want of a license had no connection, except as a mere condition, they would not preclude the operator as a plaintiff from recovery. If the illegal quality of the act had no tendency to cause the accident, the fact that the act is punishable because of the illegality, ought not to preclude one from recovery for harmful result to which, without negligence, the innocent features of the act alone contributed." The Chief Justice then proceeded to draw a distinction between the lack of a driver's license and the non-registry of an auto, but that distinction does not obtain in this state, because the means of readily identifying an auto could not contribute to an accident, but Chief Justice Knowlton was evidently controlled by earlier cases in Massachusetts. The rule established in this state is that where one unlawfully traveling

on a highway is injured by the negligence of another, he may recover for his injuries unless his violation of the law contributes to the accident, or is its proximate cause. In the instant case the non-registry of an auto and the absence of a driver's license did not contribute to, nor was it the proximate cause of the accident, as might be the case if the auto was not equipped with brakes as required, so as to enable the driver to, if he should do so, after due notice of the approaching train, stop his auto before attempting to cross in front of it.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.