ALEXANDER SITNITSKY, PLAINTIFF, v. HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA, A CORPORATION, DEFENDANT.

Decided July 23, 1924.

**Insurance—Collision, Motor Vehicle—Transportation of Liquor Illegally—Was There a Breach of Warranty?—Judgment for Plaintiff.**

For the plaintiff, *David T. Wilentz.*

For the defendant, *Edwards & Smith* and *Raymond Dawson.*

DONGES, J. This case is submitted for decision without a jury. The stipulation of facts is as follows:

"It is hereby stipulated and agreed between the parties in the above-entitled cause that said cause shall be determined by the court without a jury, and only upon the following question of law:

"The automobile of the plaintiff was insured for collision, &c., under the policy of the defendant, dated January 29th, 1923, which policy is hereto attached. It is agreed that on the 14th day of April, 1923, at West Collingswood, New Jersey, the automobile mentioned in the policy of insurance, while illegally transporting intoxicating beverages [beer], was struck by a trolley car and damaged.

*"Question.*

"Does the illegal transportation of intoxicating liquor on the 14th day of April, 1923, the date when the truck was damaged by collision, defeat the assured's right to damages under the collision clause of the policy which is hereto attached?

"If the court decides that the illegal act, as hereinbefore set forth, defeats the assured's right to recover his loss, judg-

ment should be for the defendant. If the court, however, determines that the illegal transportation on April 14th, 1923, does not defeat the assured's right, judgment should be for the plaintiff in the sum of six hundred [$600] dollars."

The sole question to be determined, as provided in the stipulation, is whether the illegal transportation of beer at the time of collision defeats the plaintiff's right to recover "under the collision clause of the policy." The defendant has argued at considerable length that no recovery can be had because of a breach of warranty. I conceive this argument to be inappropriate, in view of the limitation of the question to be decided to a construction of the collision clause only.

However, a brief statement will serve to show that there is no merit in this contention.

There are but two answers of assured, under warranties, that are urged as reasons to void the policy. The first is that—"(1) Assured's occupation or business in *trucking groceries.*" "(4) The uses to which the automobile described is and will be put, are COMMERCIAL."

Neither of these appears to be untrue in fact, or inconsistent with the use of the truck at the time of collision.

The policy itself provided insurance against fire, theft, robbery or pilferage. By endorsement attached, it was provided:

"The perils insured against hereunder are excluded to include ACCIDENTAL COLLISION, where the damage from such collision to the automobile and/or equipment herein described is in excess of $100, each accident being deemed a separate claim, and said sum to be deducted from the amount of each claim when determined; excepting—

"(1) Loss or damage to any tire, due to puncture, cut, gash, blowout or other ordinary tire trouble; and excluding, in any event, loss or damage to any tire, unless caused in an accidental collision which also causes other loss or damage to the insured automobile.

"(2) Loss or damage occurring while the automobile insured is engaged in any race or speed contest, or while being operated by any person under the age limit fixed by law, or

in any event under the age of sixteen years." Then follow provisions as to the amount of coverage.

Did the illegal transportation of beer invalidate the policy?

Plaintiff's right to recover is to be determined by the contract of insurance.

There is nothing in the insurance contract expressly providing against liability if the collision and damage occur while engaged in or in consequence of a violation of law.

If it was stipulated that the collision occurred in consequence of and by reason of a violation of law, a different situation might be presented. It does not appear that the transportation of beer by the plaintiff was related in any degree to the collision.

The illegal quality of the act had nothing to do with the cause of plaintiff's damage. The policy failed to provide against liability, if damage occurred in the commission of an illegal act, hence, the rational interpretation is that the insurance was valid, unless the damage occurred in consequence of the illegal act.

In this state it has been repeatedly held that one, who may be committing an illegal act, may recover for a tort, unless his violation of the law contributes to the accident, or is its proximate cause. *Muller* v. *West Jersey and Seashore Railway Co.,* 122 *Atl. Rep.* 693.

If this plaintiff could recover from a tort-feasor for injury occasioned him by the collision here under consideration, I see no reason for denying a recovery on a policy of insurance which fails to provide against recovery under such circumstances. Is plaintiff to be denied the protection he paid for, merely because he was committing an illegal act, not related to the origin of defendant's liability, for which he must answer elsewhere? Surely, it would be no defense to a recovery on a death policy for plaintiff's death, if it had resulted, if there were no provision in the contract covering it.

I have examined a number of cases in various jurisdictions, in which a recovery has been denied, where the policy contained suitable provision to bar a recovery, if the assured were in the performance of an illegal act when the claim

arose. But I have found no case which reads such a provision into the contract. All cases seem to hold that to avoid a policy on the ground of illegal use, in the absence of a special provision of the policy, it must appear that the illegal act was the cause of, or contributed to, the loss.

Under the terms of the policy under consideration, I conclude that plaintiff is entitled to judgment.