HILL CONSTRUCTION COMPANY, PLAINTIFF-RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January term, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *Palmer & Powell.*

For the appellant, *William A. Barkalow.*

PER CURIAM.

This appeal brings up for review a judgment in favor of the plaintiff entered in the District Court of the First Judicial District of the county of Burlington. The amount of plaintiff's damage was stipulated between the parties at $304.08 and a judgment for that sum plus costs was entered against the defendant.

The defendant-appellant seeks a reversal on two grounds which we shall consider together, namely, that the court erred in denying defendant's motion for a directed verdict and that the court erred in rendering a verdict for the defendant against the plaintiff.

The facts are these: on December 26th, 1930, the plaintiff, Hill Construction Company, through its servants, was transporting a concrete mixer and pump on a truck belonging to it along the state highway leading to Washington, Hunterdon county, New Jersey. The height of this vehicle, with its load, was eleven feet eight inches. The defendant maintains a bridge for railroad traffic over this highway, which has been erected for over twenty years. The clearance between

the surface of the road and the bridge was eleven feet eight and one-half inches on the left-hand side and eleven feet eight inches on the right. In the center the clearance was only eleven feet five and one-half inches. One of the girders in this bridge struck the loaded truck, knocking off the concrete mixer, damaging it.

The bridge was erected in 1910, and it was proved that the township, wherein it is located, had at the time approved of the plans and specifications as to minimum height. At the time we may assume it had a minimum clearance of twelve feet and the difference in clearance that existed at the time of the accident is doubtless accounted for by the fact that the highway was resurfaced and slightly built up.

The state of demand of the plaintiff charges the defendant with negligence as follows: That the bridge did not provide a legal and proper clearance and, further, that there was no notice of warning to users of the highway of the fact that the "bridge was not of a sufficient height or clearance."

The Motor Vehicle act, by section 21, paragraph 4 (1 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1998), provides: The height of commercial motor vehicles shall not exceed twelve and one-half feet.

Section 42 of the Traffic act, which may be found in *Pamph. L.* 1928, *ch.* 281, *p.* 757, provides: That all obstructions shall be clearly marked with black and white, as follows: (a) alternate lines three to six inches wide with a slope of forty-five degrees; (b) checkerboard square six to twelve inches on a side.

The bridge of the defendant railroad company had no markings whatever on them and no legend showing the clearance. The operation of the truck was lawful. There was no negligence asserted. It was within the maximum height prescribed by section 21 of the Motor Vehicle act.

The defendant could not be charged with negligence in the building of the bridge since it was constructed under statutory authority and its plans approved by the local authorities and therefore its obstruction of the highway was what our cases have termed a legalized obstruction.

On the other hand, the public highway is presumed to be

free from obstruction. *Durant* v. *Palmer,* 29 *N. J. L.* 544. But such legalized obstruction is of course subject to the provisions of any and all statutes which provide for the safety of the traveling public and it is obvious that the provisions of the Traffic act apply to all obstructions including railroad bridges.

The argument that supervision of railroads is confined to the public utility commission is without merit, for, while the legislature may of course delegate to a commission, or any other instrumentality of government, the right to regulate a particular operation, such as utilities, it cannot be said to have divested itself of the right to enact laws which would supersede the powers given any such commission, agency or instrumentality not in contravention thereof but entirely in addition thereto.

The provisions of the Traffic act, above mentioned, impose a duty upon the defendant to so mark the obstruction (in this case a railroad bridge) that it will arrest the attention of the traveling public and, so to speak, put people using the highway on their guard. This the defendant admittedly did not do. While the violation of that direction of the statute is not negligence *per se,* yet it is an incident of negligence from which negligence may be legitimately inferred. *Kuczko* v. *Prudential Oil Co.,* 110 *N. J. L.* 111; 164 *Atl. Rep.* 308; *Kolankiewicz* v. *Burke,* 91 *N. J. L.* 567; 103 *Atl. Rep.* 249; *Evers* v. *Davis,* 86 *N. J. L.* 196; 90 *Atl. Rep.* 677. Whether this negligence was the proximate cause of the damage sustained is a fact question and the court, sitting without a jury, was entirely within its province in determining that the defendant was guilty of negligence and that such negligence was the proximate cause of the happening and consequent damage.

Appellant finally contends that the negligence charged was not proved and that the Traffic act was not pleaded. A reading of the state of demand discloses that the defendant well knew the charge it had to meet. The charge made is plainly pleaded. It was not necessary for the plaintiff to specifically plead the Traffic act. The court is obliged, as it did in this case, to take judicial notice of the statute pertinent to the inquiry.

The judgment under review will be affirmed, with costs.