IRENE PIERCE TAYLOR, PIERCE TAYLOR AND MARY CAMPBELL, PLAINTIFFS-RESPONDENTS, v. ISADORE RABINOWITZ, DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided November 9, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-respondents, *Bassin & Bassin* (*Harry Weltchek,* of counsel).

For the defendant-appellant, *Joseph C. Paul* (*George L. Burton,* of counsel).

Per Curiam.

The plaintiffs below recovered a judgment in the Middlesex County Court of Common Pleas for injuries sustained by them when they, as pedestrians crossing the highway, were struck by an automobile owned and driven by the defendant.

The sole contention of the defendant-appellant is that the charge of the trial court to the jury contained reversible error. The part of the charge challenged is as follows: "Was the defendant negligent in the operation of his car and did that negligence contribute to the accident." And again, "but if you should find that his negligence did contribute to the injury, then you will go to the second question which is important in the case, namely, were the two plaintiffs also guilty of contributory negligence, did their own negligence contribute to the accident." And again, "* * * even though a defendant in a case is guilty of negligence, and even though his negligence contributes to the injury, yet if the plaintiff is also negligent, and the plaintiff's negligence contributes to the accident, then, of course, the plaintiff cannot recover."

This charge to the jury falls short of the legal requirement under our cases, is erroneous, and contains, in our judgment, harmful error.

In tort actions, predicated upon the defendant's negligence, it is not sufficient to instruct the jury that they must find that the defendant's negligence "contributed" to the injury. The essentials are that the defendant's negligence, if found to exist, must be determined by the jury to have been the *proximate* cause of the injury.

The respondent says in his brief that the objection to the charge, which is now made the ground of appeal, was not called to the attention of the trial judge. Whether that is so or not we have no way of knowing. The exception appears in the record without objection on respondent's part as to the time or manner of entering such exception. The parties are bound by the record and so is this court.

The judgment will be reversed and a *venire de novo* awarded.