ETHEL SNYDER AND SAMUEL P. SNYDER, APPELLANTS, v. WILLIAM E. BICKING AND MARGARET BICKING, RESPONDENTS.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellants, *James Mercer Davis*.

For the respondents, *Martin J. Greenblatt*.

The opinion of the court was delivered by

PARKER, J. The case arises out of a collision between two automobiles. The plaintiff Samuel P. Snyder was driving a car belonging to his daughter, Ethel, the other plaintiff. He claimed for personal injuries, and she claimed for damage to her car. The jury found for defendants, and plaintiffs appeal.

The only exception on which the two grounds of appeal are based, was taken at the end of the charge, and reads as follows:

"Mr. Davis—If your honor please, I should like to have an exception to your application or statement of the rule of contributory negligence, pointing out to the court that your honor did not define to the jury that it must also be the proximate cause."

It will be observed that this exception does not specifically criticise anything that the trial judge said, but intimates error in his omission to say something that should have been said. Ordinarily there should be a request to charge what counsel conceives to be the law applicable; and the request should be in writing.

The Supreme Court has held that in exceptional cases, where the court has unexpectedly omitted to charge on a common point, the request may be oral. *Lambert* v. *Trenton, &c., Co.,* 103 *N. J. L.* 23; although in that case this court did not concur. *S. C.,* 104 *Id.* 175. But passing this point, we fail to discern harmful error in the charge. What the judge said on the subject of negligence and contributory negligence, after alluding to the circumstances of the accident, was as follows:

"You shall consider all the evidence pertaining to the manner in which these cars were operated, the place where the accident occurred, photographs that have been offered in evidence. Consider all of that, so that you may be able to determine whether this defendant was negligent in the operation of her motor vehicle, and if so, whether that was the proximate cause of the accident. If you should find that she was negligent, then you should consider whether or not, from all the testimony, all the evidence, the plaintiff himself was guilty of contributory negligence such as contributed in any way to this accident. If he did in any degree contribute to this accident through his negligence, that is, through his failure to operate his car as an ordinarily prudent person would under the same circumstances, or that he did something that an ordinarily prudent person would not do under the same circumstances, which in any way contributed to the accident, then he

cannot recover. If you should find that the defendant was negligent and that the plaintiff in the operation of his car was free from contributory negligence—that is, the plaintiff Samuel Snyder—then you should find a verdict in his favor. Otherwise, you should find a verdict of no cause of action."

The appeal is submitted on briefs, so that we must look to the brief of appellants for the criticism of this charge. The underlying thought appears to be that in charging on contributory negligence, the court must be careful to warn the jury substantially in the language used by the Supreme Court in *New Jersey Express Co.* v. *Nichols*, 33 *N. J. L.* 434, 439, viz.: "To conclude him from maintaining his action, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent, he would have received no injury from the negligence of the defendant." The opinion goes on to say: "But if the plaintiff's negligence is established, the comparative degree of the negligence of the parties is immaterial * * *; if [the injury be] occasioned in any degree by the plaintiff's own negligence, he is without redress."

Adopting another form of language used in a leading case coming somewhat later (*Pennsylvania Railroad Co.* v. *Righter*, 42 *N. J. L.* 180) counsel quotes that "it is part of the rule of contributory negligence, that the plaintiff's negligent act must proximately contribute to his injury."

In short, contributory negligence must be something in some measure, no matter how small, jointly causative of the injury. The trial judge did not, it is true, use the phrase "proximate cause" in connection with contributory negligence, but did say quite plainly that if the plaintiff Samuel Snyder "did in any way *contribute* to this accident through his negligence, that is through his failure to operate his car as an ordinarily prudent person would do under the same circumstances, or did something that an ordinary person would not do under the same circumstances, which in any way contributed to the accident, then he cannot recover."

The word "contribution" necessarily connotes a share in causation. "Negligence such as contributes to an accident" is necessarily to some extent causative of it. The meaning of

the charge was plain to any juror of ordinary intelligence; and the language is nearly identical with that used in this court by the late Chief Justice Beasley in *Pennsylvania Railroad Co.* v. *Matthews,* 36 *N. J. L.* 531 (at *p.* 531), where, in a case involving a railway crossing accident he said: "If in an action involving this issue, it appears from the plaintiff's own case *that he has in part contributed, by his want of ordinary caution, to the production of the damage of which he complains,* he will be subjected to a nonsuit."

The brief lays stress on the Supreme Court case of *Taylor* v. *Rabinowitz,* 12 *N. J. Mis. R.* 813; 175 *Atl. Rep.* 202. But in that case the reversal of plaintiff's judgment was predicated on the instructions of the court touching primary negligence. We need not, and perhaps should not, pass on the technical merits of those instructions at this time. In the case before us the charge fairly laid down to the jury the rule that if defendant's negligence leading to the accident appeared, plaintiff would be barred if, and only if, guilty of negligence contributing to the accident. That, we think, was adequate. Not only this, but the exception was too broad, as it called for an instruction that plaintiff's negligence must be "the" proximate cause.

The grounds of appeal include another passage in the charge, but that merely pointed out that the plaintiff owner would be bound by contributory negligence of the driver. The language as to negligence is a little loose, but the jury could not have been misled thereby on the main issue. Moreover, the exception is inadquate to indicate any challenge to it.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 15.

*For reversal*—None.