25 N.J. Super. 1 (1953)
95 A.2d 419
JOSEPH FORMICHELLA, PLAINTIFF-RESPONDENT,
v.
WILLIAM D. LAYTON, SR. AND WILLIAM D. LAYTON, JR., INDIVIDUALLY AND TRADING AS WILLIAM D. LAYTON & SON FUEL TRANSPORTATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1953.
Decided March 6, 1953.
*2 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Robert V. Carton argued the cause for appellants (Messrs. Durand, Ivins & Carton, attorneys).
Mr. Harry Lane, Jr., argued the cause for respondent (Mr. William T. Osborne, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
On December 14, 1951 the plaintiff was operating his automobile in a northerly direction in the *3 easterly lane on the three-lane section of Route 35 in Ocean Township, Monmouth County. Approaching from the north and proceeding southerly in the westerly lane was a vehicle designated as the United Parcel Service truck followed by the tractor-trailer of the defendants.
In attempting to overtake and pass the United Parcel Service truck the defendants' tractor, in order to draw the attached trailer into the center lane, is said by the plaintiff to have pursued a curvate course which to some perceptible extent invaded the east lane over which the plaintiff's automobile was travelling. It was amid such or other circumstances that the left front fender of the plaintiff's vehicle came into collision with the left rear of the tractor. Other testimony supplied a dissimilar version of the mishap.
The plaintiff prosecuted the present action to recover compensatory damages for his consequential injuries and losses against both the United Parcel Service of New York, Inc., the owner of the truck, and William D. Layton, Sr. and his son, the owners of the tractor-trailer. The alleged cause of action against the former was voluntarily dismissed, and the jury rendered a verdict against the last-mentioned defendants and awarded the plaintiff damages in the sum of $1,980.80.
The Laytons base their appeal upon the alleged harmful impropriety of the trial judge in granting the plaintiff's ninth request to charge. As delivered to the jury it reads:
"Under our Motor Vehicle Act no tractor and semi-trailer having an overall length of more than 45 feet shall be operated on any highway without a special permit. The Layton vehicle was a tractor and semi-trailer with an overall length of 48 feet which was in violation of the statute since they had no special permit. Therefore this defendant should not have been operating this vehicle on the highway and you can therefore consider this statutory violation in determining whether this defendant was negligent at the time of this occurrence and if you find that the oversize of this vehicle contributed in any degree to the occurrence of this collision then you can find this defendant to have been negligent. Revised Statutes 39:3-84. But in connection therewith, as I have previously charged you, where a provision of any of the traffic acts is violated, the violation thereof is not negligence per se. It is a circumstance which *4 you may take into consideration along with all the other circumstances in the case which have been testified to and offered in evidence."
Initially we observe that the paragraph of the statute to which the trial judge alluded relates separately to the permissible over-all length of a tractor and semi-tractor combination which is limited to 45 feet and to the lineal dimension of a so-called truck and trailer combination which shall not exceed 50 feet in its over-all length. R.S. 39:3-84.
At the beginning of the trial copies of the registration applications pertaining to the tractor and to the trailer respectively were received in evidence. That applicable to the tractor states its length to be 20 feet. The one relating to the trailer represents its length to be 28 feet but it also contains this information: "Semi. or Full. Semi."
Semi-trailers are those a part of the front of which overlaps the rear portion of the tractor, and thus the over-all length of the combination is reduced from the total of their individual lengths. We do not think the Legislature, in using the descriptive phrase "over-all length" relative to a tractor and semi-trailer combination, meant the sum of lengths of each vehicle unattached. There was no evidence whatever in the present case of the over-all length of the defendants' combination nor were the jurors delegated to determine it. The trial judge instructed the jury as a conclusion of fact that the over-all length of the tractor and semi-trailer was 48 feet and that the operation of the combination by the defendants on the highway without a special permit was a violation of the law.
The trial judge informed the jury that the fact that the defendants were operating the tractor and semi-trailer on the highway in violation of law was a circumstance for their consideration in determining the defendants' negligence and added, "if you find that the oversize of this vehicle contributed in any degree to the occurrence of this collision then you can find this defendant to have been negligent."
In the first place, there must be some proof of the disobedience of the statutory regulation in order to project *5 the existence of the regulation as an element to be considered in the determination of the alleged tort feasance of the defendant. Cf. Paulsen v. Klinge, 92 N.J.L. 99 (Sup. Ct. 1918). Here there was certainly no conclusive evidence that the tractor and semi-trailer of the defendants as combined exceeded the maximum over-all length.
Secondly, in order to constitute of itself proof of liability there must be a proximate and efficient causal relationship between the violation of the statutory regulation and the occurrence of the collision. Powers v. Standard Oil Co., 98 N.J.L. 730 (Sup. Ct. 1923), affirmed, 98 N.J.L. 893 (E. & A. 1923); Muller v. West Jersey & Seashore R.R. Co., 99 N.J.L. 186 (E. & A. 1923); Jackson v. Geiger, 100 N.J.L. 330, 334 (E. & A. 1924); Reeves v. Prosser, 109 N.J.L. 485, 489 (E. & A. 1932); Kuczko v. Prudential Oil Corp., 110 N.J.L. 111, 113 (E. & A. 1933); Belperche v. Erie Railroad Co., 111 N.J.L. 81, 87 (E. & A. 1933); Hill Construction Co. v. Central R.R. Co., 11 N.J. Misc. 622, 624 (Sup. Ct. 1933).
The trial judge, experienced in the trial of these cases and well aware of the rule of law, inadvertently instructed the jury in the present case that if they found that the "oversize of this vehicle contributed in any degree to the occurrence of this collision then you can find this defendant to have been negligent." It must be realized that in the present case the judge was speaking of primary negligence. The rule of law requires that the liability of a wrongdoer for a negligent act or omission is confined to the injurious consequences which are the natural and proximate effects of his delinquency. Wiley v. West Jersey Railroad Co., 44 N.J.L. 247 (Sup. Ct. 1882); vide, Taylor v. Rabinowitz, 12 N.J. Misc. 812 (Sup. Ct. 1934). Anent the use of such phrases, "in any degree," "in the slightest degree," "in the least degree," "in any wise," and "in any way," relative to contributory negligence, see Anno., 102 A.L.R. 423 et seq.
We have cogitated the question whether the substantial rights of the defendants were materially impaired and we conclude that they were.
*6 We recognize that the jurors were informed as a matter of law that "this defendant should not have been operating this vehicle on the highway." There is reason to apprehend that a jury whose members are unfamiliar with the qualifications of the general principles of the law might readily believe from this instruction that one who has no lawful right to operate the vehicle on the highway in doing so is responsible for any and all injurious consequences sustained by others with whose vehicles a collision occurs and that in such circumstances the mere unsanctioned presence of the vehicle on the highway contributes in some degree to the happening of the mishap. The request to charge if not so intended had a tendency to instill such an erroneous impression in the minds of the jurors.
The judgment is reversed with costs.