39 N.J. Super. 289 (1956)
120 A.2d 863
ARNOLD J. TURNER, PLAINTIFF-RESPONDENT,
v.
CARLOS MARTINS AND SEBASTIAN PARADELLA, DEFENDANTS-APPELLANTS. ARNOLD J. TURNER, PLAINTIFF-RESPONDENT,
v.
SEBASTIAN PARADELLA AND CARLOS MARTINS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1956.
Decided March 7, 1956.
*290 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Harry Lane, Jr., argued the cause for appellants.
Mr. Robert V. Carton argued the cause for respondent (Messrs. Durand, Ivins & Carton, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
The appendix submitted to us on this appeal is so undernourished that we are unable to preface our opinion by a disclosure of the allegations of the pleadings, the terms of the pretrial order, much less the factual circumstances to which the testimony related. The statement at the head of the plaintiff-respondent's brief informs us that the present litigation was occasioned by the occurrence on October 25, 1953 of a collision at the intersection of First and Atlantic Avenues in Spring Lake of an automobile owned and operated by the plaintiff and one owned by the defendant Paradella and driven by the defendant Martins.
We acquire the following explanatory information from the court's charge to the jury:
"Now, these are really three separate claims. One claim is by Mr. Turner, as I have indicated, for personal injuries and property damage to his automobile against Mr. Martins; another claim is by Mr. Martins against Mr. Turner for injuries sustained by him; and the third, as I stated is the claim of Mr. Paradella against Mr. Turner for the damage to his automobile."
From the same source is harvested the understanding that each driver was accused of negligence and its correlative, contributory negligence.
Since this appeal, prosecuted by leave of the court, is solely confined to the action of the trial judge in granting a new trial as to all parties and all issues, and projects chiefly considerations of matters of law, we shall regard *291 the appendix as sufficiently comprehensive for present purposes.
In granting the new trial, the judge with becoming frankness remarked:
"The Court is going to reverse itself and say that it did not properly and lucidly charge the correct law to the jury insofar as contributory negligence is concerned.
I will set aside the verdict of the jury and grant a new trial as to all issues including the counterclaim."
Our attention is attracted by counsel for the appellant to the fact that the judge had previously stated:
"I read the complete charge this morning and talking as a lawyer I think that the complete charge was probably good, but I am afraid that I may have misled the jury in that portion of it wherein I failed to add the words `and it must, of course, proximately relate to what has happened.'"
In the contemporaneous colloquy between counsel for the appellant and the judge, counsel expressed the implication that the charge considered in its entirety "cured" the erroneously deficient passages, but the judge promptly replied:
"I didn't say it cured. As a matter of fact, I said that in reading the entire charge I am not satisfied that I didn't mislead the jury."
It is the insistence of counsel for the appellants that the trial judge entertained a mistaken concept in believing that in the light of the entire charge the jury was misled by the mere omission therefrom of the particular words to which he specifically alluded in allowing the new trial. We do not ascribe to his remarks such a narrow meaning.
However, in our appellate review we are concerned with the propriety of the judicial action of the trial court and not with the soundness of the announced reason which prompted it. McCarty v. Town of West Hoboken, 93 N.J.L. 247, 248 (E. & A. 1919); Marchitto v. Central R. Co. of New Jersey, 9 N.J. 456, 463 (1952); Ballurio *292 v. Castellini, 29 N.J. Super. 383 (App. Div. 1954); Giumarra v. Harrington Heights, 33 N.J. Super. 178, 193 (App. Div. 1954), affirmed 18 N.J. 548 (1955).
We accordingly examine the entire charge and discover in it the following instructions, the significant features of which we italicize:
"* * * The law entitles a person to money damages in a case of this kind only where there is credible evidence that the collision resulted from negligence  that is, lack of reasonable care  on the part of the person or persons from whom damages are sought, and then only provided the person seeking the damages is shown to have been free from contributory negligence, for one who complains of the negligence of another cannot recover if his own negligence has in any way contributed to the wrong which was made the basis of this recovery.
I charge you likewise that the burden of proving the contentions of the parties in this case is upon the party who asserts the affirmative of the issues, and by burden of the evidence is meant the weight of the evidence, that evidence which you consider in the jury room which influences your minds in arriving at the conclusion which you reach."
Then again:
"Negligence is an element which must be proved. It is not to be presumed. Therefore it is incumbent upon the parties seeking damages to establish facts that their respective injuries and property damage were due entirely to the negligence and carelessness of either one or the other. The law only entitles a person to money damages in a case of this kind where there is credible evidence that the accident resulted from negligence  that is, lack of reasonable care  on the part of the person or persons from whom damages are sought, and then only provided the person seeking damages is shown to have been free from contributory negligence and assumption of risk.
* * * Under the law if a plaintiff or a party has contributed to the happening of an accident, no matter how slightly he may have contributed, he cannot recover."
Obviously the foregoing passages taken from the charge cannot withstand critical analysis. Their manifest signification is that one who seeks compensatory damages in a negligence action has the burden of showing, that is, proving, making apparent or clear by evidence or reasoning, that he was "free from contributory negligence" and that his "injuries *293 and property damage were due entirely" to the negligence of the defendant, and, moreover, if a plaintiff "has contributed to the happening of an accident, no matter how slightly he may have contributed, he cannot recover."
Who other than a plaintiff or claimant would be expected to show freedom from contributory negligence? Was not, then, freedom from contributory negligence an "affirmative of the issues" to which the court referred? Can it be that a plaintiff or claimant, regardless of the nature of his act or omission, who in any slight manner or way contributed to the occurrence of an accident, must be denied recovery? Vide, Formichella v. Layton, 25 N.J. Super. 1 (App. Div. 1953); Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234, 239 (App. Div. 1953); Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956). Basically, must not the plaintiff or claimant be guilty of some dereliction of duty which had a proximate causative relationship to the mishap? Those questions are suggested to disclose the misconceptions probably generated by the court's instructions to the jury.
It may be inferred that in the present action the negligence, contributory negligence, or perhaps cooperating negligence of the drivers of the colliding vehicles constituted the controversial core of the litigation.
The judge who presided at the trial resolved upon reflection that the jury was probably misguided by the instructions and directed a new trial. In so doing he appears to have acted conscientiously and justifiably. It is certainly not evident that his action was a manifest denial of justice under the law. Vide, Hartpence v. Grouleff, 15 N.J. 545, 548 (1954).
The order under review is affirmed.