FRED DAY, BY LILLIAN DAY, HIS NEXT FRIEND, AND LILLIAN DAY, PLAINTIFFS, v. LOUIS C. BEYER, DEFENDANT.

Submitted May term, 1927—Decided November 25, 1927.

Negligence—Automobile Collision With Motorcycle—Defendant was Turning Into a Street on His Left, Upon Which There was a Line of Traffic—Defendant, Under Circumstances, was Obliged to Use Great Care and Seek an Opportune Time— This the Jury Found He Did Not do—Photographs Offered Properly Rejected.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *John W. McGeehan, Jr.*

*Contra, Charles Rosenthal.*

PER CURIAM.

This is defendant's rule for a new trial based on two reasons —(1) that the verdict was against the weight of the evidence and (2) that the court improperly refused to admit in evidence two photographs offered by the defendant.

We think neither ground sufficient to justify disturbing the verdict. The action grew out of a collision between a motorcycle, on which the plaintiff was riding, and an automobile of the defendant. The evidence showed that the plaintiff was proceeding on his motorcycle west on South Orange avenue, in South Orange, and the defendant proceeding east with his automobile on the same street. As they neared Wyoming avenue, which intersects but does not cross South Orange avenue, defendant attempted to turn north to his left into Wyoming avenue in face of the motorcycle, passing from behind another car preceding him for the purpose. Plaintiff then attempted to turn to his own right to avoid the collision. Under such circumstances it was quite competent for the jury to find in his favor. If the defendant intended to cross a line of traffic to get into Wyoming avenue he was obliged to use great care and seek an opportune time. This, as the jury found, he did not do.

The photographs were also properly rejected. The accident was on September 28th, and the photographs were apparently taken late in the fall, when foliage would be gone. The photographer was not called and there was no identification of conditions. At most, their admission would be in the discretion of the trial judge, and in any event it is not apparent that their rejection did the defendant any harm.

The rule is discharged.