BENJAMIN SENOFSKY, PLAINTIFF-APPELLEE, v. HARRY FRECKER, DEFENDANT-APPELLANT.

Submitted January 26, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-appellee, *Heller & Boss.*

For the defendant-appellant, *McCarter & English.*

PER CURIAM.

This is an appeal from a judgment for $500 rendered by a jury in the Clifton District Court.

On May 9th, 1931, the plaintiff and defendant were driving their respective cars in opposite directions on Wall street, Passaic. They neared each other as they approached the point where Ninth street intersects. The defendant intended to continue along Wall street rather than turn into Ninth street. The plaintiff intended to make a left-hand turn across defendant's path into Ninth street. It was while effecting this purpose that the collision occurred resulting in personal and property injuries.

The trial judge submitted to the jury the issue of negligence and contributory negligence. He charged that the degree of care required under the circumstances in this case was reasonable care. The defendant requested him to charge that the plaintiff turning left across traffic must use great care. His refusal so to do is before us by appropriate exception.

In the case of *Day* v. *Beyer,* 5 *N. J. Mis. R.* 1069, the court said: "If the defendant intended to cross a line of traffic to get into Wyoming avenue he was obliged to use great care and seek an opportune time." That case came before the court on defendant's rule for a new trial.

The three requests refused were intended to be framed upon the rule stated in that case, and were in the following form:

"1. If you find that the plaintiff, Benjamin Senofsky, intended to make a left-hand turn and cross the path of oncoming traffic to get into Ninth street, you will then ask yourselves whether he used *great care* and sought an opportune time in doing so, for he cannot recover unless he did use great care and did seek an opportune time.

"2. If you find that the plaintiff, Benjamin Senofsky, and

the defendant, Harry Frecker, were both traveling along Wall street in Passaic, and approaching each other from opposite directions, and that the plaintiff intended to turn left into Ninth street, then the plaintiff cannot recover a verdict unless he used *great care* and sought an opportune time to make his left turn in front of the defendant.

"3. The fact that the plaintiff's car collided with the car of the defendant while the plaintiff was making a left-hand turn in front of the defendant is *some evidence* that the plaintiff did not use *great care* and did not seek an opportune time in making his left-hand turn, and this is to be considered by you in deciding whether the plaintiff is to be denied recovery because of a failure to use *great care* and choose an opportune time in making a left-hand turn."

The judge charged the jury in the language of the requests, but substituted the words "reasonable care" for "great care," because he stated that he could not find the expression "great care" in any of the Court of Errors and Appeals decisions. In the third request, he also substituted the words "may or may not be some evidence" for the words "some evidence."

Appellant argues that in the absence of contrary authority the rule laid down in *Day* v. *Beyer, supra,* was controlling and that the jury should have been instructed as requested. It is, of course, obvious to a reasonable man driving a motor car that although he has a perfect right, in the absence of contrary regulation, to make a left-hand turn and cross a line of traffic, still if he fails to exercise the care commensurate with the great risk he is taking a collision will follow, unless the oncoming driver exercises more care than he. Therefore, the rule of great care and choice of an opportune time is founded in the necessities of the case, and is imposed upon a person turning across a line of traffic.

Chancellor Magie said in *Kelly* v. *Bergen County Gas Co.,* 74 *N. J. L.* 604, 606: "It has repeatedly been held in this court that corporations maintaining wires which carry strong and dangerous currents of electricity owed a duty to exercise a *high degree* of care to prevent injury thereby to persons

who, in the exercise of a lawful right, may come in contact with them * * *. A like duty devovles upon a corporation which maintains such wires in places not public streets, where there is a reasonable probability that persons, in performing work, may come in contact with them * * *. Corporations whose wires do not carry dangerous currents are held to a similar duty where they maintain their wires in places in which they may come in contact with other wires and be so charged with dangerous currents."

Circumstances may and do require the exercise of a high degree of care as Mr. Justice Minturn stated in *Fogarty* v. *Jersey City*, 76 *N. J. L.* 459. Turning left against oncoming traffic requires extreme caution. *Dieriner* v. *Shepard*, 6 *N. J. Mis. R.* 186. The care commensurate with the risk may be a high degree of care. "By consensus of opinion of text-writers, on the law of negligence, and by judicial decisions, high degree of care denotes no more than degree of care commensurate with the risk of danger." *New Jersey Fidelity Insurance Co.* v. *Lehigh Valley Railroad Co.*, 92 *N. J. L.* 467, 470. *Certiorari* denied, 249 *U. S.* 600.

"The duty of care is commensurate with the danger present in a situation or incident to an operation or instrumentality, and a person engaging in an act which the circumstances indicate may be dangerous must take all the care which prudence would suggest to avoid injury. *The greater the danger the greater is the care required,* so that a very high degree of danger calls for a very high degree of care, which, however, amounts merely to ordinary care in view of the situation and circumstances. What would be ordinary care in a case of extraordinary danger would be extraordinary care in a case of ordinary danger, and *what would be ordinary care in a case of little danger would fall below the required standard in a case of great danger."* 45 *Corp. Jur.* 696.

Since the proofs showed that the plaintiff was about to do that which the court has said required the exercise of great care and extreme caution, because of the great danger involved, it seems to us that the defendant was entitled to have the jury instructed that the circumstances of this case called

for the exercise of great care, and that although great care may denote no more than a case commensurate with the risk where the risk is great, the care to be exercised must also be great. The charge did not make this point sufficiently clear, and in this there was error.

The judgment is reversed, with costs.