DAVID LIPSCHITZ AND SOPHIE LIPSCHITZ, PLAINTIFFS-
RESPONDENTS, v. NEW YORK AND NEW JERSEY
PRODUCE CORPORATION AND CHARLES ROBERT
SMITH, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *McDermott & Finegold* (*Harold Mc-
Dermott,* of counsel).

For the respondent David Lipschitz, *Herrigel, Lindabury
& Herrigel* (*Joseph S. Lindabury,* of counsel).

The opinion of the court was delivered by

HEHER, J.  Defendants appeal from a judgment of the
Supreme Court, entered upon the verdict of a jury em-

panelled at the Monmouth Circuit, awarding to respondent David Lipschitz damages for personal injuries suffered by him as a result of a collision between a motor truck owned by the corporate defendant, and operated by its servant and co-defendant, Smith, and a like vehicle owned and driven by respondent.

Appellants urge that the trial court erred (1) in denying their motion for a nonsuit, and (2) in refusing to direct a verdict in their favor. They noted an exception to the trial judge's refusal to direct a verdict, but not to his denial of the motion to nonsuit. They now argue that the evidence did not establish the negligent operation of their truck, and that, even so, respondent was guilty of contributory negligence.

The collision occurred at or near the intersection of highways known as Player avenue and James street and State Highway Route No. 25 in the village of Lindeneau, in the county of Middlesex. There is a convergence of Player avenue and James street at the State Highway. The pavement of the latter thoroughfare was constructed of concrete, and had three definitely marked travel lanes, of the total width of twenty-nine feet, with gravel shoulders on either side. There was a sharp conflict in the evidence as to the collision and the attendant circumstances. There was a wide divergence in the narratives of the operators of these vehicles. Moving in opposite directions on the State Highway, respondent's truck approached the intersection from the east, and appellant's from the west. Respondent testified that he planned to turn south into Player avenue; that as he approached the intersection, he gradually moved his truck from the northerly to the center traffic lane, and that when the truck was one hundred feet from the intersection, it was entirely in the center lane; that it continued on, in that lane, to the intersection; that he turned his truck to the south into Player avenue when appellants' truck was a distance of fifty to seventy-five feet west of the intersection, and, before doing so, signalled his purpose by an extension of his hand; and that the collision occurred after he had

moved a distance of twelve to fifteen feet across the concrete pavement to the south, and after his front wheels had left the pavement. The point of contact was near the right center of his truck. It was a violent collision. The body of respondent's truck was knocked from the chassis, and respondent was thrown to the roadway and severely injured. There was evidence tending to corroborate the testimony of respondent, particularly as to the point of the collision.

Appellants, on the other hand, insisted that the collision occurred after their truck had passed the intersection. Smith testified that when his truck was fifty feet west of Player avenue, he observed respondent's truck in the center lane, a distance of one hundred to one hundred and twenty-five feet east of the intersection; that his truck crossed the intersection, in the southerly traffic lane, and that it had reached a point eighteen feet beyond, respondent's vehicle, moving at high speed, suddenly turned from the center to the southerly traffic lane, and continued thereon, with speed unabated, a distance of twenty-five feet, and collided head-on with appellants' truck. Smith testified that his truck was moving at a speed of from ten to twelve miles per hour, and that he could bring it to a stop in a distance of six to eight feet.

In these circumstances, the motion to direct a verdict was properly denied. In passing upon motions to nonsuit and for the direction of a verdict, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motions are made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom. *Andre* v. *Mertens,* 88 *N. N. L.* 626; *Skiba* v. *Kmieleski,* 106 *Id.* 597; *Maudsley* v. *Richardson & Boynton,* 101 *Id.* 561. Where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. *Finnegan* v. *The Goerke Co.,* 106 *Id.* 59; *Bennett* v. *Busch,* 75 *Id.* 240.

The law exacted of Smith the exercise of reasonable care in the operation of the corporate defendant's truck. There was evidence that, if believed by the jury, would support

a finding of Smith's negligence. His truck, so he testified, approached the intersection at a speed of ten to twelve miles per hour, and he admitted that, at that speed, he could bring it to a stop in a distance of six to eight feet. And, as pointed out, there was evidence that respondent signalled his intention to make the turn. There was testimony also that he approached the intersection at a rate of speed that menaced the security of users of the highway, and that he did not have control of his vehicle.

The question of respondent's alleged contributory negligence was likewise one for the jury. In making the turn into the intersecting highway, he was required to exercise the degree of care commensurate with the risk of danger. It was incumbent upon him to seek an opportune time. Whether or not, under all the circumstances, his conduct met the prescribed standard of duty was a question for the jury. There was evidence from which the performance of the duty imposed upon him might reasonably be inferred, and this necessarily required the submission of the issue to the jury.

Unless it is established by the evidence beyond fair debate that plaintiff was negligent, and that his negligence directly contributed to the injury complained of, a motion to nonsuit or direct a verdict will be denied. *Fox* v. *Great Atlantic and Pacific Tea Co.,* 84 *N. J. L.* 726. In that case, Mr. Justice Kalisch, speaking for this court, adopted the view expressed in 1 *Tomp. Neg.,* § 1322: "Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both of the actors. As the circumstances attending such injuries are within the range of everyday observation and experience, the question of contributory negligence in these cases is in a peculiar sense a question for a jury, though, of course, within the limits of the principle that there must be evidence reasonably tending to that conclusion, and subject also to the rule that, in cases where the evidence tends only to the conclusion, the judge can decide it as matter of law."

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.