GEORGE KIDDER, RESPONDENT, v. HARRY HOFFMAN AND WILLIAM A. HOFFMAN, TRADING AS HOFFMAN'S MOTOR TRANSPORTATION, APPELLANTS.

Submitted October term, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Holmwood & Creighton.*

For the respondents, *Jacob W. Silverman* and *Raymond J. McDonald.*

PER CURIAM.

These two cases were tried together and resulted in a judgment for the plaintiff in each case, the one being for damages arising from personal injuries, the result of a collision between an automobile of the plaintiff and the defendant's truck, the other for damages to the plaintiff's automobile based upon the same cause of action. The defendant appeals and contends that there should have been a nonsuit or direction of a verdict in its favor because of the failure to establish negligence in the defendant and because the plaintiff himself was guilty of contributory negligence.

We think these grounds are without merit and that the motions were properly denied. The plaintiff was proceeding west between Jersey City and Newark on the right-hand side of the Lincoln highway (a street one hundred and ten feet wide) when the defendant's truck, proceeding from the west, on the same highway, attempted to cross in front of plaintiff's car for the purpose of entering Jacobus avenue, a street which enters Lincoln highway from the north but does not cross it. Plaintiff testified that when he was thirty feet from Jacobus avenue the defendant's truck was still five feet to the west of Jacobus avenue on the Lincoln highway; that when he was three-fourths of the way across Jacobus avenue his left front wheel was hit by the right front wheel of the defendant's truck. While defendant's proofs were in some respects at variance with the foregoing it was for the court to determine the facts.

The law in such situation has been expressed by this court on a number of occasions and it is to the effect that if one proceeding as was the defendant's driver intends to cross a line of traffic he is obliged to use great care and to seek an opportune time for doing so. *Day* v. *Beyer,* 5 *N. J. Mis. R.* 1069; 139 *Atl. Rep.* 317; *Senofsky* v. *Frecker,* 10 *N. J. Mis. R.* 505; 159 *Atl. Rep.* 797. (Neither officially reported.) Here was a wide highway with the parties initially proceeding thereon in opposite directions, each presumably upon his own side of the highway. Whether the defendants's driver exercised the degree of care that the circumstances demanded by seeking an opportune time to cross, and whether the plaintiff, proceeding as he was, was guilty of negligence in failing to anticipate that the defendant might cross in front of him, were questions of fact for the determination of the court to whom the case was submitted without a jury. It would therefore have been error to have granted either one of the defendant's motions.

The judgments are affirmed, with costs.