JAMES ANDERSON AND WALTER ANDERSON, PARTNERS TRADING AS ANDERSON BROS., PLAINTIFFS-RE-SPONDENTS, v. DENNIS CASSIDY AND LAURENCE DYMITROW, DEFENDANTS-APPELLANTS.

AMBROSE MARKS AND ARTHUR SMITH, PLAINTIFFS-RE-SPONDENTS, v. DENNIS CASSIDY AND LAURENCE DYMITROW, DEFENDANTS-APPELLANTS.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Harry Green.*

For the respondents, *John C. Stockel.*

LLOYD, J. These cases grew out of a collision between a truck moving in a westerly direction on route 25 in Elizabeth, where the same intersects Maple avenue, and a passenger automobile crossing its path. The plaintiffs are respectively the owner and operator of the truck and the defendants the owner and operator, respectively, of a Buick

automobile. There were verdicts in favor of the plaintiffs and defendants appeal. The cases were tried together in the court below and argued here on single briefs.

The grounds of appeal are that the trial judge refused a motion to enter nonsuits and that there was error in the charge.

A careful examination of the proofs convinces us that the case was one for the jury, and we find no error in the charge. The truck was proceeding in a westerly direction on route 25 and the Buick automobile in an easterly direction on the same highway. The truck was traveling at twenty-five to thirty miles an hour. The Buick car when it reached Maple avenue turned left across the northerly side of route 25, and as it did so was struck by the truck, damage to both vehicles and injury to their occupants resulting. The testimony of the witnesses is somewhat at variance, as is quite common in such cases, but it was open to the jury to find that the driver of the Buick car selected an inopportune and unsafe time to cross in the face of approaching vehicles. It was open to the jury also to appraise the conduct of the driver of the truck and to determine whether such conduct constituted negligence. The finding of liability, therefore, was a matter for that body.

The instruction to the jury that the driver of the Buick car in attempting to turn and cross in the face of approaching traffic, must exercise a high degree of care, was well fortified by the decisions of this court. *Senofsky* v. *Frecker,* 10 *N. J. Mis. R.* 505; *Day* v. *Beyer,* 5 *Id.* 1069.

The conduct of one operating under such conditions and the law applicable thereto was critically examined by the Court of Errors and Appeals in the case of *Felix* v. *Adelman,* 113 *N. J. L.* 445, and the charge here complained of was not inconsistent with the opinion filed in that cause.

The judgments are affirmed, with costs.