ARTHUR W. OLIVER, PLAINTIFF-APPELLEE, v. JAMES LEONARDO, DEFENDANT-APPELLANT.

———

ROBERT W. OLIVER. PLAINTIFF-APPELLEE, v. JAMES LEONARDO, DEFENDANT-APPELLANT.

Submitted October 1, 1946—Decided February 10, 1947.

———

Before Justices PARKER, DONGES and EASTWOOD.

For the plaintiffs-appellees, *Friend & Friend*.

For the defendant-appellant, *Sidney B. Rosenthal* (*Martin Kimmel*, of counsel).

The opinion of the court was delivered by

EASTWOOD, J. This is an automobile negligence case. Separate suits were instituted by plaintiffs-appellees in the

District Court to recover property damages to the automobile of plaintiff-appellee Arthur W. Oliver, and for personal injuries, expenses, and loss of income, &c., to the plaintiff-appellee Robert W. Oliver, alleged to have been sustained in a collision between the automobile owned by Arthur W. Oliver, and operated by his son, Robert W. Oliver, with a truck owned and operated by the defendant, James Leonardo, at the intersection of Crooks Avenue and Wabash Avenue, in the City of Paterson, New Jersey, at approximately 6:30 A. M., on September 7th, 1945. Defendant-appellant, James Leonardo, filed a counter-claim thereto for damages to his truck. The two cases were consolidated for trial and heard by the District Court Judge, sitting as a jury.

Following the presentation of evidence on behalf of the plaintiffs-appellees, defendant-appellant's motion for a non-suit on the ground of (1) contributory negligence on the part of the plaintiff, and (2) no proof of negligence on the part of the defendant was denied. The court, at the close of the case, took the matter under advisement and issued the following decision:

"After due consideration of the evidence presented in this cause, I find that this collision was caused solely by the negligence of the defendant, James Leonardo. It is apparent that the defendant 'cut' the corner when making a left turn from Wabash Avenue into Crooks Avenue in the City of Paterson; and that in doing so he cut off the progress of plaintiff's automobile without proper warning; operated his truck on the improper side of the highway, and failed to make a reasonable observation of traffic proceeding west on Crooks Avenue.

"I find no evidence of contributory negligence on the part of the plaintiff. Accordingly judgment in this cause of action will be entered as follows:

"In the suit for property damage brought by plaintiff against the defendant, No. 29-144, judgment is entered in favor of the plaintiff, Arthur W. Oliver and against the defendant in the sum of $500.

"In the suit for personal injuries, expenses, loss of income, &c., brought by plaintiff against the defendant No. 29-145,

judgment is entered in favor of the plaintiff, Robert W. Oliver and against the defendant in the sum of $300.

"In the counter-claim filed by defendant in action No. 29-145, judgment will be entered in favor of the defendant to said counter-claim of—'No Cause of Action.'"

In his specification of the determinations of the District Court with respect to which he is dissatisfied in point of law, defendant-appellant seeks a reversal of the judgments against him on three grounds: (1) That the District Court erred in denying defendant-appellant's motion for a nonsuit. (2) That the District Court erred in finding that the collision was caused by the sole negligence of the defendant, and (3) that the District Court erred in finding that there was no evidence of contributory negligence on the part of the plaintiffs.

As in all such cases the evidence was in sharp conflict. We deem it only necessary to state that the proofs clearly showed that the defendant-appellant was operating his truck southerly on Wabash Avenue; that the plaintiff-appellee Robert W. Oliver was operating his father's automobile in a westerly direction on Crooks Avenue; that the truck operated by Leonardo attempted to make a left turn from Wabash Avenue into Crooks Avenue and in so doing, collided with the front portion of the Oliver car. It was testified by one of the police officers who investigated the accident, that the plaintiff's automobile had not as yet reached the easterly crosswalk at the corner of Wabash Avenue at the time of the collision. Another officer testified that the damage to the defendant's truck commenced on the left front fender and that the left front of the plaintiff's car was jammed under the body of the truck at the time he inspected it. The defendant testified that he was driving his truck southerly on Wabash Avenue and that when he came to the corner of Crooks Avenue he stopped his truck on the right-hand side thereof; that he looked to his right and left and saw nothing, except that on his right-hand side he saw two or three automobiles approaching in a general easterly direction; that he waited at the corner until those vehicles had passed and then made an observation to his left and saw the plaintiff approaching at a distance of about 350

—————————————————————————————

to 400 feet away; that he then put his car in first gear and made his turn; that he had plenty of time to do so, and that when he made his turn his left rear wheel reached the center of the line of Crooks Avenue when he was struck by the plaintiff's automobile. Defendant further testified that the plaintiff was driving on the northerly right-hand side of Crooks Avenue at the time of his observation, driving in about the center of the right-hand lane, but when the plaintiff was near him, the plaintiff turned to his left and started to come over towards him.

We have carefully considered the findings of fact as determined by the trial judge and conclude that there is ample evidence to suport his findings. The issue is purely factual. It is fundamental that findings of fact by the trial judge in the District Court on conflicting evidence, are conclusive on appeal. *R. S.* 2:32–202. The Supreme Court will not weigh the evidence. ' If, as here, there is any legal evidence to support the judgment, it will not be reversed. *Vischia* v. *Benjamin Motor Express, Inc., et al.,* 24 *N. J. Mis. R.* 255; 48 *Atl. Rep.* (2*d*) 391 (opinion by Mr. Justice Perskie). The trial judge, sitting as a jury, having had the opportunity to see and hear the witnesses and evaluate their testimony. we will not disturb such findings of fact. Suffice it to say that there was ample proof that the negligence of the defendant was the sole proximate cause of plaintiffs-appellees' damages. It was incumbent upon the defendant in attempting to make a left-hand turn and thereby cross in the face of approaching traffic, to exercise a high degree of care. *Day et al.* v. *Beyer,* 5 *N. J. Mis. R.* 1069; 139 *Atl. Rep.* 317; *Senofsky* v. *Frecker,* 10 *N. J. Mis. R.* 505; 159 *Atl. Rep.* 797. It was entirely proper for the trial court, sitting as a jury, to appraise the conduct of both drivers and to determine whether under the attendant circumstances, the defendant-appellant selected an inopportune and unsafe time to make a left-hand turn and cross in the face of approaching traffic. The trial judge determined this question adversely to the defendant-appellant. We will not reverse such determination. there being ample proof to sustain the same.

The judgments are affirmed, with costs.