The defendant appeals from a judgment of $458.85 in favor of the plaintiff, entered in the Bergen County District Court after trial before the judge sitting without a jury.
The judge found that the defendant's bus, in making a left-hand turn from Raymond Boulevard into McCarter Highway in Newark, cut diagonally across the intersection, cut off the plaintiff's car, and collided with it; that the plaintiff's car, which was proceeding north on McCarter Highway, was on its own side of the road and had not reached the intersection at the time of the collision; and that after the collision, the plaintiff's car was ten to fifteen feet from the intersection and the bus about fifteen feet beyond the intersection on the right-hand side curb.
The evidence was in conflict and there was substantial evidence to support the findings, but the defendant argues that this court, under Rules 1:2-20 and 4:2-6, should make new findings of fact in the interests of justice.
The evidence was in conflict as to whether the green light at the intersection favored the bus or the plaintiff's car at the time the bus entered the intersection, and the court below made no finding of fact on this question. The argument is that the court below thus failed to take into consideration one of the material facts necessary to a decision. Since the collision occurred in McCarter Highway, beyond the intersection, and while the bus was cutting across the plaintiff's side of McCarter Highway, it became immaterial whether the green light favored the bus when it entered the intersection.
It is further argued that this court should make a new finding, because the court below in its findings stated: "* * * the defendant did not use great care and seek an opportune time to make that left-hand turn * * *." While it has been stated in our cases that it is the duty of one *Page 367 
attempting to make a right or left-hand turn in the face of approaching traffic to "use great care and seek an opportune time" to make the turn, these were cases in which the traffic was not controlled by traffic control signals or by a traffic or police officer. Day v. Beyer, 5 N.J. Misc. 1069 (Sup. Ct.
1927); Senofsky v. Frecker, 10 N.J. Misc. 505 (Sup. Ct.
1932); Oliver v. Leonardo, 135 N.J.L. 210 (Sup. Ct. 1947).
R.S. 39:4-115 (which originated in P.L. 1931, c. 247, § 27) provides:
"The driver of a vehicle * * * intending to turn to the right or left at an intersection where traffic is controlled by traffic control signals or by a traffic or police officer, shall proceed to make either turn with proper care to avoid accidents and only upon the `Go' signal unless otherwise directed by a traffic or police officer, an official sign or special signal."
Since the bus turned to the left at an intersection where traffic was controlled by traffic signals, the driver was under the duty to "turn with proper care to avoid accidents." We have examined the record and find that the defendant's driver did not use such care.
The judgment under appeal is affirmed.