13 N.J. Super. 556 (1951)
81 A.2d 25
THE MOTORLEASE CORPORATION, A CONNECTICUT CORPORATION, PLAINTIFF-APPELLANT,
v.
ANN B. MULROONY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1951.
Decided May 17, 1951.
*559 Before Judges FREUND, DONGES and PROCTOR.
Mr. Harry Schaffer argued the cause for the plaintiff-appellant.
Mr. Walter H. Jones argued the cause for the defendant-respondent.
The opinion of the court was delivered by FREUND, J.S.C.
The plaintiff, owner of a Chevrolet sedan automobile, on August 29, 1949, by written instrument leased it to Veeder-Root, Inc., for one year. The car was in the possession of William T. Heydt, Sr., an employee of the lessee, and on April 28, 1950, was being driven by him on an errand unrelated to his employment, when it came into collision with an automobile owned and operated by the defendant. Charging the defendant with negligence, the plaintiff brought this suit in the Passaic County District Court to recover for the damage caused to its automobile, but the court determined that the plaintiff had failed to establish the negligence of the defendant and accordingly rendered judgment for the defendant. The plaintiff appeals, urging that the judgment is contrary to the evidence.
At the opening of the trial, pursuant to notice, the defendant moved for the dismissal of the action on the ground that the defendant here, Ann B. Mulroony, had previously brought suit against William T. Heydt, Sr., the operator of plaintiff's car, in the Essex County District Court to recover for personal injuries and damage to her car arising out of the collision, and that the trial thereof resulted in a judgment in favor of Heydt and against her because the court found that he was negligent and she was contributorily negligent. The defendant argued that the judgment was res judicata; that the negligence of Heydt constitutes contributory negligence *560 chargeable to the plaintiff in this action perforce of R.S. 46:36-1. The court reserved decision on this motion until the close of the case and then denied it, ruling that the statute was inapplicable. The first question for consideration is whether this ruling was correct.
Prior to the enactment of chapter 53 of the Laws of 1939, R.S. 46:36-1, the law was that the bailor's right of action for damages to the property bailed was not defeated by the negligence of the bailee in the management or operation of the property. In a suit by the bailor against a third-party tortfeasor to recover damages to the vehicle, the contributory negligence of the bailee was not imputable to the bailor. Commercial Credit Corp. v. Satterthwaite, 107 N.J.L. 17 (Sup. Ct. 1930), affirmed 108 N.J.L. 188 (E. & A. 1931); First National Acceptance Corp. v. Annett, 121 N.J.L. 356 (Sup. Ct. 1938), affirmed 124 N.J.L. 78 (E. & A. 1940).
To remedy this situation, the Legislature enacted chapter 53 of the Laws of 1939, R.S. 46:36-1, N.J.S.A., which provides that in a suit by the bailor against a third party based on the negligence of the third party to recover damages to the goods or chattels in the custody, control or possession of the bailee, his agents, servants or employees, the contributory negligence of the bailee, his agents, servants or employees, shall constitute a proper and valid defense and be a complete bar to the recovery in the same manner as though the suit were brought by the bailee. See Flagg v. Johansen, 124 N.J.L. 456 (Sup. Ct. 1940), which quotes the act in its entirety. In interpreting and construing this statute, the court must consider: first, the old law; second, the mischief; and, lastly, the remedy. Stephenson v. Stephenson, 102 N.J. Eq. 50 (E. & A. 1927). The mischief which the statute was intended to remedy was the injustice of a situation in which the bailor could recover, although the bailee could not.
The automobile leased by the plaintiff to Veeder-Root, Inc., the lessee, was in the possession and control of Heydt, an employee of the lessee, but at the time was being used on a personal errand and not in the business of the employer-bailee. *561 The court assumed that the relationship of employer and employee between the bailee and Heydt did not exist when he was using the automobile on a personal errand, and accordingly considered the statute inapplicable. This construction of the statute by the court imposed a condition which is not to be found in the act, namely, that the vehicle be used by the agent, servant or employee of the bailee in the scope of his employment in order that the contributory negligence of the operator be imputable to the bailor. The relationship of principal and agent, employer and employee, or master and servant is not terminated when the latter is not acting within the scope of his employment, or when he deviates from the line of duty. Such an act may be cause for termination, but does not, ipso facto, terminate the relationship. The car was in Heydt's possession as an employee of the bailee, although he was not driving it on his employer's business. The use to which an employee may be putting property entrusted to him by the employer may be personal, but the custody or possession is nevertheless as employee. The statute does not require operation of the vehicle or use of the bailed property to be in the course and scope of the service.
It is to be observed that the statute does not impose liability upon the bailor for the negligence of the bailee or his agent. It applies only to the limited instance of a suit brought by the bailor to recover damages to the goods or chattels against a third-party tortfeasor; then, the contributory negligence of the bailee or his agent, servant or employee shall constitute a valid defense. Therefore, as we construe the statute in a suit by the bailor against a third-party tortfeasor, the defense of contributory negligence is available if the agent, servant or employee of the bailee is in lawful custody, control or possession of the vehicle. It is then immaterial that at the moment of collision, the car was not being used in the scope of the bailee's business, for the statute does not so limit the defense.
Now, was the judgment entered in the Essex County District Court against Ann B. Mulroony in the suit which she *562 brought against Heydt res judicata, the court there having decided that both parties had been negligent? That suit concerned the same accident, but was brought by Ann B. Mulroony to recover for personal injuries and damages to her automobile, which was not the subject of the bailment by plaintiff. An almost identical situation occurred in Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704 (E. & A. 1948). The opinion makes no reference to R.S. 46:36-1, N.J.S.A., and our examination of the state of case and the briefs on appeal reveals that it was not pointed out or argued at the trial or on the appeal. Mr. Justice Heher held: "There is privity of estate or interest between the lessor and the lessee of personal property; but the doctrine of res judicata does not for that reason serve to bar plaintiff's action. * * * A landlord and tenant have separate and distinct estates in the demised lands; and each has a right of action for a tortious injury to his own particular estate or interest, but not for injury to the estate or interest of the other. * * * Thus, the judgment of the District Court against the bailee for negligence does not constitute a bar to the instant action. The rule of collateral estoppel is not invokable in these circumstances. There is no such identity or privity of parties as to render the judgment in the District Court conclusive of the issue joined herein * * * for the judgment invoked is not one in favor of the bailee for the injury to the chattel, but against the bailee for the damage to Antonucci's automobile." Therefore, on the basis of the Antonucci case, it would appear that the judgment in the Essex County District Court is not res judicata here.
The court below did not pass upon the contributory negligence of the plaintiff, but rendered judgment for the defendant because the plaintiff had failed to establish defendant's negligence. The plaintiff argues that this finding was contrary to the evidence. According to the testimony, the defendant was operating her car in an easterly direction on Bellevue Avenue, Montclair, New Jersey. Heydt was driving in the opposite direction on the same street. The defendant *563 was looking for and intended to turn into The Fairway, a street running northerly from Bellevue Avenue. She was unfamiliar with the exact location of The Fairway and stopped her car at the southerly curb of Bellevue Avenue opposite the centre of The Fairway, took out her wallet, looked through it for a piece of paper which had the address of the place to which she was going, and, having found it, decided to make the left turn into The Fairway. Before doing so, she looked east on Bellevue Avenue and in her rear view mirror, and believing the area clear, she made the left turn in front of Heydt's car and was struck. A driver of an automobile intending to make a left turn at an intersection is obligated to use a high degree of care and seek an opportune and safe time to do so. Oliver v. Leonardo, 135 N.J.L. 210 (Sup. Ct. 1947); Politi v. Pennsylvania Greyhound Lines, 5 N.J. Super. 364 (App. Div. 1949). We think that the evidence indicated negligence on the part of the defendant. But, from our review of the facts, we find that Heydt was not free from negligence. He testified that after making his first observation about 125 feet from The Fairway, he did not again make any observations of any kind and did not see the defendant's car until it was one foot in front of him. We do not consider, therefore, that he exercised reasonable care.
Accordingly, the collision occurred because of the negligence of the defendant and the contributory negligence of Heydt, which is imputable to the plaintiff under R.S. 46:36-1, N.J.S.A. Therefore, the judgment for the defendant is affirmed, but without costs.