18 N.J. Super. 82 (1952)
86 A.2d 705
FABIAN O'NEIL, PLAINTIFF-APPELLANT,
v.
CARL BILOTTA AND TERESA BILOTTA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1952.
Decided February 20, 1952.
*84 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Isadore Rabinowitz argued the cause for appellant.
Mr. A. Leo Bohl argued the cause for defendants (Mr. Joseph J. DeLuccia, on the brief).
*85 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff seeks the reversal of a judgment in favor of defendants, which was entered in the Superior Court, Law Division, upon jury verdict.
A car owned and operated by the plaintiff and one owned by defendant Teresa Bilotta and operated by defendant Carl Bilotta were proceeding in opposite directions on a four-lane highway in Passaic County, New Jersey. The plaintiff turned left at a T-intersection, in order to enter the intersecting street, and the cars collided. At the time, defendant Carl Bilotta had three passengers in his car. Bilotta and the passengers are all friends and neighbors, residing in Carbondale, Pennsylvania. At the trial, Carl Bilotta was the defendants' only witness. In answer to questions concerning the whereabouts of the passengers, he testified they were still in Carbondale and that two days prior to the day of trial he requested them to come to court as witnesses, but they refused to do so unless they were subpoenaed. Their depositions were not taken before trial.
The first attack is on part of the charge to the jury. The trial judge charged the plaintiff's second request, which read:
"It is conceded that there were three adult passengers riding with the defendant in his automobile at the time of the accident. The defendant has not produced any of those persons as witnesses nor taken their testimony before trial, as he had a right to do. You have a right to consider the fact that those witnesses were not called by the defendant to testify and you may therefrom draw the inference that had they been called to testify, they would not have testified favorably to the defendant."
He then added the following:
"If you feel that Mr. Bilotta, the defendant, has deliberately not produced these people or hasn't made any proper effort to do it, why, that is a matter that you may or may not take into consideration. Of course, this matter of gathering evidence and the necessity of producing certain people, I think in all fairness I should point out to you, is largely the responsibility of counsel or those concerned with the preparation for the trial of a case and not primarily the responsibility of the party or parties themselves." (Italics ours.)
*86 The plaintiff argues that the italicized matter constitutes prejudicial error.
When the non-production of evidence by a party permits an inference that its tenor would be unfavorable to that party's cause, it makes no difference whether the failure to produce is chargeable to the party himself or to his attorney, or to both. Here the jury was instructed, in effect, that the inference was not to be drawn if the failure to produce was that of the defendant's attorney. In so charging, the court committed obvious error.
However, we conclude that the error was not prejudicial to the plaintiff. Under the circumstances of this case, the plaintiff was not entitled to any charge that the non-production by the defendant of the passengers as witnesses, or his failure to take their depositions, permitted the jury to draw the inference that had they been called to testify, or had their depositions been taken, their testimony would be unfavorable to the defendant's cause.
As Dean Wigmore points out, when the inference is permitted it is based not on the bare fact that a particular person is not produced as a witness by a party, but on his non-production, when it would be natural for the party to produce the witness if the facts known by him had been favorable. To meet the requirement "when it would be natural for the party to produce the witness," it must appear that the person was within the power of the party to produce. Lack of power to produce may be due to the person's absence from the jurisdiction, or to his illness, or to other circumstances. Further, no inference is allowable when the person in question is equally available to both parties. Nor may the inference be drawn if the person's testimony is comparatively unimportant, or cumulative, or inferior to what is already utilized. As a general rule the inference cannot fairly be drawn, except from the non-production of witnesses whose testimony would be superior in respect to the fact to be proved. 2 Wigmore, Evidence (3d ed. 1940), §§ 286, 287, 288. This defendant sought the attendance of the *87 witnesses; they refused to attend; and since they were out of the jurisdiction of the court, the defendant was without power to require their attendance.
We turn now to the failure of the defendant to take the depositions of the passengers. In this case the defendant did introduce evidence on the matter upon which the passengers would testify. The answer to the question whether the inference is permitted in such a case has given the courts a great deal of trouble. For differing answers given, see cases annotated 135 A.L.R. 1375. The taking of depositions involves expense. In a case like this, a party should have the right to decide that the expense of taking the depositions would not be justified, because the testimony at best would merely corroborate his own testimony, and to decide that such testimony would not be necessary for his defense  all without subjecting himself to an unfavorable inference. Cf. Perlman v. Shanck, 182 N.Y. Supp. 767 (App. Div. 1920). The witnesses involved were in no such confidential relationship with the defendant as to put plaintiff in fear that he could not get from them an unbiased statement of the facts relating to the accident. The plaintiff was free to take their depositions and to use them at the trial if unfavorable to the defendant. Cf. Branch v. Mashkin Freight Lines, 134 Conn. 278, 57 A.2d 136 (Sup. Ct. of Err. 1948). We conclude that, under the circumstances of this case, the failure of this defendant to take the depositions is not sufficient to support the charge as requested by the plaintiff. Under very similar circumstances, the same result was reached in Culp v. Repper, 78 F.2d 221 (Ct. of App. D.C., 1935).
Thus the charge, limited as it was to the failure of the defendant alone, was more favorable to the plaintiff than if no charge on the matter had been made. Therefore, the plaintiff suffered no injury.
While no question was raised about that part of the charge in which the trial judge said "that is a matter that you may or may not take into consideration," see Hempstead v. Robinson, 1 N.J. 32 (1948).
*88 Next, it is argued that the trial court committed prejudicial error in charging the jury as follows:
"One making a left-hand turn across the path of oncoming traffic is under a duty to exercise great care and to select an opportune time.
The fact that the accident occurred while the plaintiff was making a left-hand turn across the path of oncoming traffic, is evidence to be considered by you in determining whether or not he exercised great care and selected an opportune time, and if you find as a matter of fact that the plaintiff, in attempting to make this left-hand turn across the path of oncoming traffic, did not exercise great care and select an opportune time in which to make the turn, then I charge you that your verdict must be no cause for action in favor of the defendants and against the plaintiff."
The plaintiff points out that, at his request, the court also charged the following provision of R.S. 39:4-90:
"The driver of a vehicle within an intersection intending to turn to the left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard but the driver having so yielded and having given a signal when and as required by law may make the left turn and other vehicles approaching the intersection from the opposite direction shall yield to the driver making the left turn."
The plaintiff's objection to the charge is directed to the part thereof which states that it is the duty of the plaintiff "to exercise great care and select an opportune time" in making a lefthand turn. He argues that the provision of R.S. 39:4-90, set forth above, has modified that principle of law with respect to lefthand turns. The provision of R.S. 39:4-90, upon which the plaintiff relies, was carried into R.S. 39:4-90 from L. 1931, c. 247, § 11, without substantial change. The plaintiff concedes that the duty as charged by the court was in effect prior to the 1931 amendment to the Motor Vehicle Act (Day v. Beyer, 5 N.J. Misc. 1069 (Sup. Ct. 1927)), but argues that the 1931 amendment changed this principle of law.
In Felix v. Adelman, 113 N.J.L. 445 (E. & A. 1934), the court dealt with a request to charge that one making a *89 lefthand turn crossing the path of oncoming traffic could not recover "unless he did use great care and did seek an opportune time." The trial court charged that he was obliged to use a "high degree of care" but did not charge that he was obliged to "seek an opportune time." The Court of Errors and Appeals said: "We do not distinguish in this case between `great care' and a `high degree of care'" in holding that the first part of the request had been charged, but reversed because of the failure to charge that the driver was obliged to "seek an opportune time." In Anderson v. Cassidy, 119 N.J.L. 331 (Sup. Ct. 1938), the court said: "The instruction to the jury that the driver of the Buick car in attempting to turn and cross in the face of approaching traffic must exercise a high degree of care was well fortified by the decisions of this court." In The Motorlease Corp. v. Mulroony, 13 N.J. Super. 556 (App. Div. 1951), certif. granted 7 N.J. 583 (1951), the applicable principle was stated: "A driver of an automobile intending to make a left turn at an intersection is obligated to use a high degree of care and seek an opportune and safe time to do so." No authority has been cited to us which in any way supports the plaintiff's contention. We conclude that this objection to the charge is not well taken.
A further argument for reversal is advanced under this point, namely, that the two excerpts from the charge, set forth above, are inconsistent. Aside from the fact that this is raised for the first time on appeal, it is patently without merit.
The last contention is that the trial court erred in refusing to reopen the case to permit the plaintiff to testify concerning a traffic sign located about 400 feet from the point of the collision. This contention is wholly lacking in merit. Both parties rested at the close of the trial day and the court announced: "We have concluded this case with the exception of summations and charge." On the following day, plaintiff's attorney asked leave to put the plaintiff on the stand to testify concerning the traffic sign. The defendant's *90 attorney objected on the ground that the case had been closed except for summations and charge, and on the further ground that his client was not in court. The trial judge denied the plaintiff's request and the plaintiff's attorney said "O.K." after the court had ruled. The order of proof and the reopening of a case on rebuttal rest within the sound judicial discretion of the trial court. We interfere only when we are satisfied that, in the particular circumstances of the case, the discretion as exercised results in a manifest denial of justice. Carlo v. The Okonite-Callender Cable Co., 3 N.J. 253 (1949); Healy v. Billias, 17 N.J. Super. 119 (App. Div. 1951).
Judgment affirmed.