26 N.J. Super. 234 (1953)
97 A.2d 690
DOMINIC F. PIGNATORE, PLAINTIFF-APPELLANT,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1953.
Decided May 29, 1953.
*235 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Robert C. Gruhin argued the cause for appellant.
Mr. Luke A. Kiernan, Jr., argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
This action arose out of the occurrence of a collision between the Studebaker coupe owned and operated by the plaintiff and a bus of the Public Service Coordinated Transport on the afternoon of October 8, 1951 at the intersection of Broad, Liberty and Franklin Streets *236 in the Town of Bloomfield. The trial resulted in the rendition of a verdict by the jury in favor of the defendant of no cause of action. In the consideration of the present appeal the complete transcript of the testimony has been borrowed from the file and exhaustively examined.
The testimony relating to the circumstances accompanying and surrounding the mishap was variant and divergent. Broad Street extends north and south; Liberty Street, east and west. Franklin Street recedes from the intersection in a southeasterly direction. The plaintiff's vehicle was proceeding north on Broad Street, and the bus traveling south on the same street. Vehicular traffic was governed at the intersection at the time by electrically illuminated traffic signals and by a police officer.
Immediately preceding the collision of the vehicles at the intersection the police officer had manually set the traffic signal against the progress of north-bound traffic on Broad and Franklin Streets and south-bound traffic on Broad Street. With the signal thus set, the police officer escorted a group of school children across Broad Street, and the driver of the bus illuminated the appropriate signals on the front and rear of the bus to indicate his intention to proceed easterly to his left. His purpose was to enter Franklin Street. Having completed his mission, the police officer again manually changed the traffic signal and motioned the driver of the bus to pursue his turn into and across the intersection. The left front of the bus and the left side of the plaintiff's automobile collided.
Whether the plaintiff had stopped his vehicle south of the intersection also to await the change of the signal or whether he rapidly approached the intersection and endeavored to skirt the front of the bus were issues of fact projected by the inharmonious testimony. We may pause to state that on the face of the record the verdict of the jury appears to be in accord with the preponderance of the evidence.
The nucleus of this appeal is the alleged erroneous denial of the trial judge to adopt the following requests to charge in his instruction to the jury:
*237 "1. A person making a left turn in the face of oncoming traffic is under a duty to exercise a high degree of care in making said turn.
2. A driver of an automobile intending to make a left turn at an intersection is obligated to use a high degree of care and seek an opportune and safe time to do so.
3. If you find that the defendant's bus driver in making the left turn into Franklin Street proceeded to do so in the face of oncoming traffic and in doing so struck the plaintiffs car then you must find that the defendant was guilty of negligence which was the proximate cause of this accident.
4. If you find that the plaintiff was proceeding along Broad Street, in a manner such as a reasonable and prudent and ordinary person would be doing under the circumstances and conditions then existing you must find that the plaintiff was not in any way negligent; and that the proximate cause of the accident was the negligence of the defendant's driver."
We need not hesitate to state that in the existing posture of the evidence we are of the opinion that the third and fourth requests were too outspread and sweeping and were properly declined.
Indeed, the substantial pressure of the appellant's argument is concentrated on the denial of the first two requests to charge. Concededly our appellate courts have announced that where appropriate to the issues of the case an instruction to the jury that a motorist endeavoring to make a left turn in face of and across a line of approaching traffic is under a duty to exercise a high degree of care and seek an opportune time for such a movement of his vehicle constitutes a proper statement of the law. Day v. Beyer, 5 N.J. Misc. 1069 (Sup. Ct. 1927); Senofsky v. Frecker, 10 N.J. Misc. 505 (Sup. Ct. 1932); Felix v. Adelman, 113 N.J.L. 445 (E. & A. 1934); Kidder v. Hoffman, 12 N.J. Misc. 186 (Sup. Ct. 1934); Anderson v. Cassidy, 119 N.J.L. 331 (Sup. Ct. 1938); Oliver v. Leonardo, 135 N.J.L. 210 (Sup. Ct. 1947); The Motorlease Corp. v. Mulroony, 13 N.J. Super. 556 (App. Div. 1951), affirmed 9 N.J. 82 (1952).
An acquaintance with the evidence embraced by the transcript eradicates all doubt that the bus driver was endeavoring to turn his vehicle to his left across Broad Street and into Franklin Street.
*238 It is deducible from the discussion of the propriety of the requests at the trial that the judge resolved that since the plaintiff's vehicle following two others ahead of his had slowly entered the intersection and was struck on its side by the front of the bus, the principle relating to the exercise of a high degree of care by the bus driver and the latter's failure to choose an opportune time in making a left turn was inapplicable and its expression would tend to confuse the jury. We think that was a mistaken concept. The requisite increased degree of care appertains to the defendant's undertaking and not to the eventual circumstances that at the moment of the collision the plaintiff's car was in front of the bus.
In Felix v. Adelman, supra, it may be noticed that the trial judge made specific reference to a left-hand turn by a motorist and indicated to the jury the hazard and danger of such a movement. He informed the jury that reasonable care varies according to the circumstances and that the degree of care which the law requires in some circumstances might not be reasonable in other and different circumstances. The reason for the reversal in that case inhered in the failure of the trial judge to inform the jury of the duty of the driver to seek an opportune time to make the left turn.
In the present case, despite the tenor of the requests to charge, the judge refrained from making any allusion whatever to the duty of the bus driver to exercise a degree, shall we say, of special care commensurate with the foreseeable dangers of making a left turn at the intersection across the flow, if there was such, of north-bound traffic on the easterly side of Broad Street.
While we decline to state that a trial judge must, ex necessitate, in response to such a request to charge use the words "great care," or "a high degree of care," yet he ought to point out to the jury that the operation of a motor vehicle to the left in front of or through the course of oncoming vehicles is an undertaking naturally accompanied by extraordinary hazards and precarious dangers, and accordingly the law exacts of a driver engaged in such an activity that *239 degree of reasonable care which is proportionate and commensurate with the relatively increased likelihood of consequent danger. Vide, New Jersey Fidelity, &c., Ins. Co. v. Lehigh Valley Railroad Co., 92 N.J.L. 467 (E. & A. 1918).
True, the trial judge in the present case, in defining negligence spoke of it as the failure to exercise "that degree of care, caution and vigilance that the circumstances justly demand," but obviously that language was not sufficiently explicit to transport to the jury the legal principle to which the requests specifically related.
The author of this opinion has always gravely doubted the wisdom and feasibility of obliging trial judges in cases implicating the operation of motor vehicles to create by means of such terminology as "slight care," "reasonable care," "great care," and "a high degree of care" seemingly different standards of care discriminatively applicable to particular movements of the vehicle. "Reasonable care," if its fluctuation and versatility in degree according to the circumstances of the case are explained to the jury, is, I think, a satisfactory and efficient standard of care to be generally applied in such cases.
It was suggested at the argument of this appeal that the principle expressed in the first two requests was inappropriate because the traffic at the intersection was controlled by signals and by an attending police officer. Cf. Politi v. Pennsylvania Greyhound Lines, Inc., 5 N.J. Super. 364 (App. Div. 1949). Where, as here, the signals permitted both the north- and south-bound traffic to proceed on Broad Street, we deem the principle to have been applicable if the circumstances were truthfully represented by the plaintiff.
In our examination of the charge we discover in it the following instruction to the jury concerning contributory negligence:
"* * * There isn't any degree as to the contributory negligence.
If you find, in your deliberations, that the plaintiff in any degree, slight as that contribution may be, contributed in any way to the happening of the accident that (sic) he would not be entitled to a verdict at your hands." (Italics supplied.)
*240 The instruction is manifestly erroneous. Anent the use of such phrases as "in any degree," "in the slightest degree," "in the least degree," "in any wise," and "in any way," relative to contributory negligence, see Anno., 102 A.L.R. 423, et seq. Vide, Formichella v. Layton, 25 N.J. Super. 1, 5 (App. Div. 1953).
We conclude that in consequence of the testimony of the plaintiff the denial to charge the first two requests deprived the plaintiff of a substantial right. Additionally we have noticed the erroneous and prejudicial instruction concerning contributory negligence. Rule 1:2-20(c).
The judgment is reversed and a new trial granted.