FRANK H. FLAGG AND MARJORIE R. FLAGG, BY HER NEXT FRIEND, FRANK H. FLAGG, PLAINTIFFS, FRANK H. FLAGG, INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. GOTFRED JOHANSEN, Sr., AND GOTFRED JOHANSEN, Jr., DEFENDANTS-APPELLANTS.

Submitted January 16, 1940—Decided April 9, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-respondent, *William J. Straub* and *Stanley U. Phares*.

For the defendants-appellants, *William Wann* and *Wilbur A. Stevens*.

The opinion of the court was delivered by

CASE, J.   The appeal is from a judgment entered in the District Court of the Fourth Judicial District of the county of Union for plaintiff Frank H. Flagg, individually, against the defendants, Gotfred Johansen, Sr., and Gotfred Johansen, Jr., in the amount of $73. The grounds of appeal are that the trial court refused to direct a verdict for the defendants and that he erroneously entered a verdict in favor of the plaintiff Frank H. Flagg contrary to the force and effect of chapter 53, *Pamph. L.* 1939.

The action arises out of a collision between two automobiles, one owned by the plaintiff Frank H. Flagg and driven by his daughter, Marjorie R. Flagg, and the other owned by Gotfred Johansen, Sr., and driven by Gotfred Johansen, Jr. Frank H. Flagg brought the suit in his own behalf individually and as next friend of his daughter, Marjorie R. Flagg, in the latter's behalf.   The judge, sitting without a jury, found—and this finding is not disputed—that the relations between Frank H. Flagg and Marjorie R. Flagg as to the automobile owned by the former and driven by the latter constituted a bailment wherein the father was the bailor and the daughter was the bailee.   Upon that finding the court awarded judgment to Frank H. Flagg for his individual claim but found that Marjorie R. Flagg was guilty of contributory negligence and consequently could not recover. The court below construed the above mentioned statute as applicable only to conditional sales and therefore not as a bar to the bailor, Frank H. Flagg.

The construction of the statute is the only question on the appeal.   It is the respondent's contention and it was the finding of the court below that the statute applies only to conditional sales; but we do not hold that view.

The title and body of the act are as follows:

"An act making the contributory negligence of the owner of the special property in goods or of his agents, servants or employes, a valid defense in suits for damages to said goods instituted by the owner of the general property in said goods as against negligent third parties.

"Be it Enacted by the Senate and General Assembly of the State of New Jersey:

"1. Whenever a conditional vendor, bailor, or owner of the general property in goods or chattels or the assignee or assignees of said conditional vendor, bailor or owner of the general property in goods or chattels, shall institute suit for damages to said goods or chattels, while the same are in the custody, control or possession of the conditional vendee, bailee, or owner of the special property in said goods or chattels or the agents, servants, or employes of said conditional vendee, bailee, or owner of the special property in said goods and chattels against a third party or parties, or against the agents, servants, or employes of said third party or parties, or both, based on the negligence of the said third party or parties, or the agents, servants, or employes of said third party or parties, the contributory negligence of the conditional vendee, bailee, or owner of the special property in said goods or chattels, or of the agents, servants, or employes of said conditional vendee, bailee or owner of the said special property in said goods or chattels, shall constitute a proper and valid defense to said action and be a complete bar to recovery in the same manner as though suit were brought by the conditional vendee, bailee, or owner of the special property in said goods or chattels or by the agents, servants or employes of the conditional vendee, bailee, or owner of the special property in said goods and chattels.

"2. This act shall take effect immediately. Approved May 4th, 1939."

The statute, by its terms, is made applicable to a conditional vendor or a bailor or an owner of the general property in goods and chattels while the goods and chattels are in the custody, control or possession of a conditional vendee, a bailee or an owner of a special property in goods or chattels. We find nothing indefinite or ambiguous in those provisions.

Will the title of the act embrace this construction? We think so. The title does not mention conditional vendor or bailor; but it does relate to instances where there is contributory negligence by the owner of a special property in goods and provides that that contributory negligence shall be a valid defense in suits for damages to the goods instituted by the owner of general property in the goods as against negligent third parties. A bailee has a special interest in the chattels which are the subject of bailment. See 6 *C. J.* 1107, § 36, ¶ 2, and the cases cited in the footnotes, including *Adams* v. *O'Connor,* 100 *Mass.* 515, and *Eaton* v. *Lynde,* 15 *Id.* 242. As there noted, the "possessory interest" is the expression used by Blackstone, 11 *Bl. Com.* 452.

Respondent would fortify his argument by reference to an alleged statement which is said to have been appended to the bill at the introduction thereof. But legislative intent on the passage of a measure is not to be deduced from so frail and unreliable a source. Such a statement is no part of the enactment. It is not even passed upon by the legislature or any committee thereof. It does not appear upon the official copy of the bill which comes before the houses for reading, debate and passage. It does not, we think, draw deep upon technical knowledge of the rules of statutory construction to discern that if such a statement be taken to express the frank and full purpose which the introducer of a bill imputes to his measure, the purpose which is thus evidenced is that of only one member of the legislature and that, too, at a time which precedes debate, amendment and passage. It may never have expressed the intent of the legislature as a whole and it may not correctly reflect, as of the time of enactment, the views of even the introducer. The imputed intent of any single member, or even of a minority bloc, of the legislature has no significance in judicial construction. This idea was clearly stated by Chancellor Zabriskie in *Keyport Steamboat Co.* v. *Farmers Transportation Co.,* 18 *N. J. Eq.* 13, 24:

"The intention of the draftsman of an act, or the individual members of the legislature who voted for and passed it, if not properly expressed in the act, it is admitted, has nothing to do with its construction; the only just rule of

construction, especially among a free people, is the meaning of the law as expressed to those to whom it is prescribed, and who are to be governed by it. If the legislator who enacted the law should afterwards be the judge who expounds it, his own intention, which he had not skill to express, ought not to govern."

Chancellor Walker, speaking for the Court of Errors and Appeals in *In re Hudson County,* 106 *N. J. L.* 62, 73, quoted with approval from two other decisions as follows:

"The Supreme Court *In re Murphy,* 23 *N. J. L.* 180, held that the intention of the draftsman of a statute, or of the legislature who passed it, not expressed in the statute itself, affords no legitimate ground to control or influence the judicial construction of it. And the Supreme Court, in *Sooy* ads. *State,* 38 *N. J. L.* 324, speaking by Chief Justice Beasley, used the following significant language (at *p.* 327) : 'In construing laws, the court is bound by legal rules, and in order to discover legislative intent, we must look to the statutory language alone, in its application to its subject. We cannot go for such purpose to the journals or debates of the legislature, nor to our own memory; the statute must speak for itself, and we cannot add a syllable to what it speaks.'"

In *Standard Underground Cable Co.* v. *Attorney-General,* 46 *N. J. Eq.* 270, 277, the Court of Errors and Appeals approved the refusal of Chancery to give effect to evidence taken from the files of the two houses showing the course of legislation through which the statute then in question had been passed and added:

"Now, whether the attempt be by such extrinsic means to add to, take from or entirely abrogate the law, it equally assails that conclusiveness of proof ascribed to the duly authenticated statute. This statute, then, must be interpreted by the aid of those rules which the common law affords us."

Speaking of a statute with respect to the likely intent of the draughtsman of the measure Mr. Justice Swayze said in *Pierson* v. *Cady,* 84 *N. J. L.* 54: "We cannot resort in aid of this construction to the history of the legislation in the process of passage through the senate and house of assembly." See, also, *Pangborn* v. *Young,* 32 *Id.* 29. Even a preamble,

which sometimes is prefixed to a measure, passed along with the enactment and printed in the published laws, may not be resorted to in interpreting the statute unless the latter is ambiguous and difficult of interpretation. *Alert Building and Loan Association* v. *Bechtold,* 120 *Id.* 397. We have examined the learned opinion of the Court of Chancery in *State Board of Milk Control* v. *Richman, &c., Co.,* 117 *N. J. Eq.* 296, but are not influenced thereby contrary to our view of the law herein expressed.

The statute clearly provides that whenever a bailor shall institute a suit for damages to goods or chattels, while the same are in the custody, control or possession of a bailee, based on the negligence of the third party sued, or his agents, the contributory negligence of the bailee shall constitute a proper and valid defense to the action and be a complete bar to recovery in the same manner as though the suit were brought by the bailee. That situation exists in this case. The statute was enacted before the occurrence of the injuries complained of. We conclude that the motion of the appellants for an award in their favor should have been granted and that the denial thereof was error.

The judgment below will be reversed, with costs.