227 N.J. Super. 92 (1988)
545 A.2d 819
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROGER J. MARCHAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1988.
Decided August 4, 1988.
*94 Before Judges KING, GAULKIN and GRUCCIO.
Donald S. Goldman, argued the cause for appellant (Harkavy, Goldman, Goldman & Caprio, attorneys).
Annmarie Cozzi, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
The defendant, an agent for the federal Drug Enforcement Administration, appeals from his conviction of the third-degree crime of unlawful restraint, holding a victim in involuntary servitude. N.J.S.A. 2C:13-2(b). The issue of his guilt on that charge was submitted to the jury as a lesser-included offense of the charge of second-degree kidnapping. N.J.S.A. 2C:13-1(b)(2).
The issue of defendant's guilt on the charge of false imprisonment, N.J.S.A. 2C:13-3, a disorderly persons offense, was also submitted to the jury as a lesser-included offense. The jury never returned a verdict on this charge since it found defendant guilty of the greater offense of criminal restraint. The indictment stemmed from a seamy incident in which defendant allegedly was helping one of his drug-dealing informants, now himself a fugitive, in his bounty-hunting business.
In his zeal to locate a bail-jumper the informant apprehended the fugitive's girlfriend, dragging her from her apartment in the middle of the night in handcuffs. With defendant's alleged assistance, in the hopes of making the victim reveal her male friend's whereabouts, the informant kept her physically restrained for a period of five to six hours before releasing her unharmed.
On this appeal defendant claims that it was improper to submit to the jury the charge of criminal restraint under N.J.S.A. 2C:13-2(b), holding "another in a condition of involuntary *95 servitude," as a lesser-included offense of kidnapping. N.J.S.A. 2C:13-1(b). Defendant could not have been found guilty under the only other available theory of felonious "criminal restraint" because the State never proved that the victim was restrained "in circumstances exposing [her] to risk of serious bodily injury." N.J.S.A. 2C:13-2(a).
The issue of defendant's guilt of criminal restraint by holding another in a condition of involuntary servitude turns in this case on the elements of the N.J.S.A. 2C:13-2(b) offense. Defendant contends that coerced or forced labor or service is an essential condition of holding another in involuntary servitude. None was proved here as part of the State's case. The State contends that this condition is not an essential element of the offense.
The statutory scheme of grading kidnapping-related offenses, the legislative history, and the recent decision of the United States Supreme Court, United States v. Kozminski, ___ U.S. ___, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988), all lead us to conclude that defendant could not properly be found guilty of involuntary servitude-criminal restraint on this record.
As to the statutory scheme, non-ransom kidnapping in violation of N.J.S.A. 2C:13-1(b) requires proof that the victim has been unlawfully removed either from a place of residence or business or a substantial distance, or was unlawfully confined for a substantial period of time, and that the removal was done for an enumerated unlawful purpose. In this case, the defendant was accused of such removal or confinement with the purpose of terrorizing the victim. N.J.S.A. 2C:13-1b(2). Since the victim here was released unharmed and in a safe place, the crime would have been one of the second degree. N.J.S.A. 2C:13-1c.
N.J.S.A. 2C:13-2 describes the two species of the third-degree crime of criminal restraint: (1) restraining another unlawfully in circumstances exposing him to risk of serious bodily harm, or (2) holding a victim in a condition of involuntary servitude. As *96 noted, the first does not apply here. N.J.S.A. 2C:13-2 then states: "The creation by the actor of circumstances resulting in a belief by another that he must remain in a particular location shall for purposes of this section be deemed to be a holding in a condition of involuntary servitude." We shall call this the "deemed to be" sentence.
The Code then finally defines the crime of false imprisonment. A person is guilty of this offense by knowingly restraining a victim unlawfully so as to interfere substantially with the victim's liberty. N.J.S.A. 2C:13-3. As noted, the jury had no verdict on this charge.
The "deemed to be" sentence in our statute is not contained in the federal criminal statutes on "involuntary servitude." 18 U.S.C.A. § 241; 18 U.S.C.A. § 1584, or in the Model Penal Code. Indeed, it may be unique to our State. See II Model Penal Code and Commentaries, § 212.2 at 243 n. 22, n. 23 (1980). The federal criminal statutes have recently been construed by the Supreme Court in United States v. Kozminski, ___ U.S. ___, ___, 108 S.Ct. 2751, 2765, 101 L.Ed.2d 788 (1988), which said that "the jury must be instructed that compulsion of services by the use or threatened use of physical or legal coercion is a necessary incident of a condition of involuntary servitude." The language and legislative history of the federal acts indicate that their scope "should be limited to cases involving the compulsion of services by the use or threatened use of physical or legal coercion." Id. at ___, 108 S.Ct. at 2763. See also David v. Vesta Co., 45 N.J. 301, 319-320 (1965) (Law Against Discrimination as judicially implemented not violative of Thirteenth Amendment proscription against involuntary servitude). We are not convinced that the "deemed to be" sentence, which has been added to our particular statutory definition of the crime when our Code was adopted in 1979, compels a different construction of involuntary servitude.
We conclude that the "deemed to be" sentence was included in our statute in response to a growing concern regarding *97 migrant laborers. There are many conceivable labor situations where a victim may not be actually threatened with physical force or other means of coercion but where the circumstances created by the defendant have nevertheless resulted in the victims' belief that they are not free to leave.
The "Final Report of the New Jersey Criminal Law Revision Commission," The New Jersey Penal Code. Volume II, Commentary 187 (1971) states as to the final form of § 2C:13-2
This Section provides intermediate penalties between those for kidnapping and false imprisonment, where the illegal restraint involves involuntary servitude or risk of serious bodily harm. This provision is necessary because such restraints would not come within Section 2B:212-1 since a person may be held in slavery or peonage more or less openly and in his accustomed haunts. Also, in view of the fact that the victim is not isolated, in danger of death, nor necessarily terrorized, classification of this offense as a crime of the third degree seems adequately severe.
The minutes of the Assembly Judiciary, Law, Public Safety and Defense Committee of June 20, 1974 also are of interest. These comments are pertinent:
Mr. [Assemblyman] Bate asked if § 2C:13-2 covered farm workers. Mr. [Assemblyman] Hawkins then suggested that they consider defining "involuntary servitude" so that it would apply to farm workers. They agreed on a definition that the condition of involuntary servitude would include slavery, peonage and "the creation of circumstances resulting in a belief by another that he must remain in a particular location."
The statement of one or two legislators may not be conclusive of the legislature's intent as a body but in this case we have little else to guide us. See Flagg v. Johansen, 124 N.J.L. 456, 459-460 (Sup.Ct. 1940); State v. Exxon Corporation, 151 N.J. Super. 464, 476 (Ch.Div. 1977); 2A Sutherland, Statutory Construction (4th ed. 1984 Rev.), § 48.12 at 326.
Further corroboration for the interpretation that the "deemed to be" language was added in response to the migrant laborer problem is found in John Cannel's recent annotated work on the Code of Criminal Justice. In his commentary to § 2C:13-2 he states in pertinent part
Creation of circumstances: 2C:13-2b, paragraph 2. There is no statutory history relating to the sentence which includes, as a holding in involuntary servitude, the creation by the actor of circumstances which induce a belief by *98 the victim that he must remain in a particular location. That provision appears to have been suggested by newspaper accounts of situations where foreign farm laborers were held in peonage by false statements relating to legal consequences of leaving their jobs. See Commission Commentary paragraph 1 and 2 below. [Cannel, New Jersey Code of Criminal Justice, Comment 2C:13-2 (1987) at 291].
We conclude that defendant's conduct in detaining the victim did not come within the concept of § 2C:13-2's criminal restraint by holding another in a condition of involuntary servitude. We reject the State's contention that coerced or forced labor or service is not an element of the offense. In our view the "deemed to be" sentence expands and clarifies what is "involuntary"; it does not dispense with the requirement that the State show servitude as well.
Since defendant was not indicted for involuntary servitude, he could not be convicted for it unless it was a lesser-included offense under the kidnapping charge. N.J.S.A. 2C:1-8e provides that the court shall not charge the jury with respect to an included offense "unless there is a rational basis for a verdict convicting the defendant of the included offense." Ibid. An offense is so included when: (1) there is proof of the same or less than all the facts required to establish the commission of the offense charged; (2) the act consists of an attempt or conspiracy to commit the offense charged; or (3) the act differs from the offense charged only in the respect that a less serious injury or risk of injury or a lesser kind of culpability suffices to establish its commission. N.J.S.A. 2C:1-8d. In light of our determination that the State did not prove involuntary servitude, we need not address the "lesser-included offense" contention. State v. Jones, 214 N.J. Super. 68, 73 (App.Div. 1986), certif. den. 107 N.J. 102 (1987); State v. Mincey, 202 N.J. Super. 548, 553 (Law Div. 1985).
The conviction for criminal restraint is reversed. Since the parties have not briefed or argued the issue of whether defendant can be retried on the charge of false imprisonment, N.J.S.A. *99 2C:13-3, we reach no conclusion on whether double jeopardy considerations bar the renewed prosecution of that charge.
Reversed.